MARY JANE SPRINKLE v. MATTIE V. SPAINHOUR et al.

(Filed 19 November, 1908).

1. **Deeds and Conveyances—Husband and Wife—Heirs of Wife—Second Wife's Dower.**

   When land has been conveyed to husband and wife, omitting the word heirs after the names of the grantees, then to the wife by name, and heirs, the wife of a second marriage cannot claim dower after the death of the husband in the lands so conveyed, as only a life estate passed to the husband and the fee to the first wife, which, without testamentary disposition, would pass to heirs.

2. **Deeds and Conveyances—Husband and Wife—Heirs of Wife—Estate Conveyed.**

   A deed to a husband and wife, and only to the heirs of the latter, does not pass the fee to the former by virtue of Revisal, sec. 946, for as to him it is plainly intended that the grantor meant to convey an estate of less dignity.

3. **Deeds and Conveyances—Husband and Wife—Wife's Estate—Right of Survivorship.**

   When deeds are mutually given among the heirs at law to effect a partition of lands descended to them, and one of them is to a married woman whose husband is jointly named therein, but not jointly entitled, the doctrine of the rights of survivorship does not apply; and it matters not if the deed was made at the wife's request, because she is presumed to have acted under his coercion.

4. **Partition of Lands—Owelty Paid by Husband—No Resulting Trust.**

   Owelty money paid by a husband to equalize the partition of lands descended to his wife, among other heirs at law, as tenant in common, does not create a resulting trust in his favor to that extent, for, nothing else appearing, the law presumes he intended it for a benefit or as a gift.

ACTION heard before *Councill, J.,* jury trial being waived by consent, September Term, 1908, of Forsyth, upon petition for dower, commenced before the Clerk, and transferred to term of court.

The Court upon the facts admitted gave judgment against the plaintiff, who appealed. The facts are stated in the opinion of the Court.

*Benbow & Hall* for plaintiff.
*Watson, Buxton & Watson* for defendant.

BROWN, J. The plaintiff claims dower as the widow of J. H. Sprinkle, having been his second wife. The defendants claim the land as the heirs at law of S. E. V. Sprinkle, the first wife of J. H. Sprinkle.

The land in controversy was the property of Washington Payne, and descended to his heirs at law, S. E. V. Sprinkle, P. W. Payne and others. These heirs at law, on the same day, 12 January, 1887, executed deeds to each other. These deeds were evidently executed to effect a voluntary partition of the land, and while inartificially drawn, they were not intended to change the character of the estate of the heirs of Washington Payne in the lands inherited from him. *Harrison v. Ray,* 108 N. C., 215. It was evidently not the purpose of the parties to divest the fee simple of S. E. V. Sprinkle and vest it in her husband.

The plaintiff claims dower in the land described in the deed to J. H. and S. E. V. Sprinkle upon the theory that it is a deed made to husband and wife after marriage; that they became tenants by entireties, and that upon the death of the wife the entire fee vested in the husband by survivorship.

There would be more plausibility in the position if the estate conveyed to the husband and wife were the same. But the language of the deed, both in the premise and in the habendum, conveys the land "to J. H. Sprinkle and wife S. E. V. Sprinkle, and S. E. V. Sprinkle's heirs."

These words effectuated the plain intention of the parties, that if the husband survived the wife he should enjoy the land for his life and afterwards it should go to her heirs. That is the disposition the law would have made of it had the deed never been made and the wife had died intestate before the husband, having had children by him born alive. It is not an unprecedented method of conveying land that, in the same instrument, a joint estate should be created in two and the fee invested in one only. It was recognized at common law. "If lands be given to two, and to the heirs of one of them, this is a good jointure, and the one hath a freehold and the other a fee simple, and if he which hath the fee dieth, he which hath the freehold shall have the entirety by survivor for term of his life." Coke on Littleton, sec. 285 and 191; Butler's note 78; 2 Cruise, 510, 511; 1 Washburn on Real Property, 648 and cases cited; *Den v. Hardenburg,* 18 Am. Dec., 371.

But it is contended that J. H. Sprinkle took a fee, as much so as his wife under this deed, although the word "heirs" is omitted as to him, and that this is by virtue of the act of 1879, Revisal, sec. 946. This statute does not help the plaintiff, for the statute does not create a fee without the word "heirs," where "it shall be plainly intended by the conveyance or some part thereof that the grantor meant to convey an estate of less dignity." That intention, so far as J. H. Sprinkle is concerned, is too plain to be doubted.

There is another insuperable obstacle in the way of the plaintiff's claim for dower:

Assuming for the sake of the argument that this particular deed, under the circumstances attending it, had conveyed an estate in fee to husband and wife, both, the husband and those claiming as his heirs would not be permitted to set up a claim to the land.

It descended to S. E. V. Sprinkle from her ancestor, and this partition deed was made during her coverture. At the

149—15

date of its execution the land belonged to her separate estate. It is one of the essentials of the peculiar estate by entireties sometimes enjoyed by husband and wife, that the spouses be *jointly entitled* as well as jointly named in the deed. Hence if the wife alone be entitled to a conveyance, and it is made to her and her husband jointly, the latter will not be allowed to retain the whole by survivorship. And it matters not if the conveyance is so made at her request, because being a married woman she is presumed to have acted under the coercion of her husband. *Moore v. Moore,* 12 B. Mon., 664; *Babbitt v. Scroggins,* 1 Duval, 273; *Gillan v. Dixon,* 65 Pa. St., 395, all cited in 18 Am. Dec., pp. 383, 384.

The same principle is recognized by this Court in *Harrington v. Rawls,* 136 N. C., 65; *Carson v. Carson,* 122 N. C., 645.

The fact that J. H. Sprinkle paid some of the owelty money for his wife to equalize the partition, would not create a resulting trust in his favor to that extent, because the law presumes he intended it as a benefit or gift to his wife, nothing else appearing.

Upon a review of the record we think the judgment of the Superior Court is correct.

Affirmed.