J. M. SPEAS AND WIFE v. P. C. WOODHOUSE.

(Filed 16 April, 1913.)

1. **Estates by Entireties—Husband and Wife—Wife's Separate Estate—Tenants in Common—Deeds and Conveyances.**

Where a brother and sister have inherited lands as tenants in common from their father, and in an interchange of deeds for a division the conveyance is made to the sister and her husband "and their heirs," etc., in entireties, and the wife dies leaving her husband surviving her, without children of the mar-

riage, the husband acquires no right of title by survivorship, and the lands descend to the heirs at law of the wife. *Sprinkle v. Spainhour*, 149 N. C., 223, cited and applied.

## 2. Same—Wife's Consent—Evidence—Contract.

Where a deed in dividing lands held in common conveys the interest therein of a wife to her and her husband in entireties, the fact that the wife assented thereto cannot change the construction that the right of survivorship does not lie in the husband upon her death, and evidence thereof is immaterial; for she could only be deprived of her title thereto by contract having the formal legal requirements.

## 3. Equity—Cloud Upon Title—Possession—Interpretation of Statutes.

A suit can now be maintained to remove a cloud upon the title to lands by one who is not in possession thereof. Revisal, sec. 1589.

APPEAL by plaintiffs and defendant from *Cooke, J.,* at Fall Term, 1912, of YADKIN.

Civil action to restrain waste and remove cloud from plaintiff's title, caused by a deed from J. N. Burch and wife to P. C. Woodhouse and wife, M. J. Woodhouse. The jury rendered their verdict as follows:

1. Was the deed executed by J. N. Burch and wife to P. C. Woodhouse and wife, M. J. Woodhouse, for the purpose of partition of the lands of the said J. N. Burch and M. J. Woodhouse, and that consideration alone? Answer: Yes.

2. Has the defendant, P. C. Woodhouse, since the death of his wife, committed waste on said land? Answer: No.

3. And if so, what damage has the plaintiff sustained? Answer: ........

4. Is the plaintiffs' cause of action barred by the statute of limitation? Answer: No.

Judgment on verdict, and plaintiff and defendant excepted and appealed.

*R. C. Puryear, Winston & Biggs, and D. M. Reece for plaintiff.*

*E. L. Gaither for defendant.*

HOKE, J. It appeared in evidence that J. N. Burch and Mrs. M. J. Woodhouse, former wife of defendant, P. C. Woodhouse, were owners as tenants in common of certain lands in Alamance County, having inherited same from their father, Isaac Burch, deceased, and, on 10 January, 1886, these persons desiring to make voluntary partition of the property, executed mutual deeds for the different portions of the land, and, in the endeavor to carry out the purpose, the deed from J. N. Burch to his sister, Mrs. Woodhouse, in form conveyed an estate by entireties: "Hath bargained and sold and by these presents doth bargain, sell, and convey to P. C. Woodhouse and M. J. Woodhouse, and their heirs, a tract of land," etc., being the land in controversy; that Mrs. Woodhouse died many years ago without lineal descendants, having had issue born alive during coverture, and, since that time, defendant has been in possession and control of the land and claims to own same by survivorship and under the terms of the deed; that plaintiff, Mrs. Speas, is the child and sole heir at law of her father, J. N. Burch, deceased, and of her aunt, Mrs. Woodhouse. Upon these facts and under our decisions, the rights of these parties have been properly determined. The deed from J. N. Burch to his sister, Mrs. Woodhouse, did not convey and create any new estate, but only operated to sever the unity of possession between the tenants in common and ascertaining Mrs. Woodhouse to be the owner of the land as heir at law of her father. It constituted the wife's separate estate, and she could not be deprived of it by the fact that in a deed from her brother the husband was named as coöwner. The principle has been applied in several of the later decisions, notably in *Sprinkle v. Spainhour,* 149 N. C., 223; *Harrington v. Rawls,* 136 N. C., 65; *Carson v. Carson,* 122 N. C., 645; *Harrison v. Ray,* 108 N. C., 215. Speaking to the question in *Sprinkle's case, Brown, J.,* said: "Assuming for the sake of argument that this particular deed, under the circumstances attending it, had conveyed an estate in fee to husband and wife, both, the husband and those claiming as his heirs would not be permitted to set up a claim to the land. It descended to S. E. V. Sprinkle from her ancestor, and this partition deed was made during her coverture. At the date of its

execution the land belonged to her separate estate. It is one
of the essentials of the peculiar estate by entireties sometimes
enjoyed by husband and wife, that the spouses be jointly enti-
tled as well as jointly named in the deed. Hence, if the wife
alone be entitled to a conveyance, and it is made to her and
her husband jointly, the latter will not be allowed to retain the
whole by survivorship. And it matters not if the conveyance
is so made at her request, because, being a married woman, she
is presumed to have acted under the coercion of her husband.
*Moore v. Moore,* 12 B. Mon., 664; *Babbitt v. Scroggins,* 1
Duval, 273; *Gillan v. Dixon,* 65 Pa. St., 395, all cited in 18
Am. Dec., pp. 383, 384." Nor was there any error in excluding
the testimony tending to show that the deed was executed in
its present form with the assent or according to the wishes of
the wife. Being, as we have seen, a part of her separate estate,
and Mrs. Woodhouse holding same as heir of her father, she
could only be deprived of such interest by contract having the
formal legal requirements. Public Laws 1911, ch. 109; Re-
visal, sec. 2107. In the absence of such a contract, a trust
would result in the wife's favor, even if the deed operated to
create the estate which it purports to convey. *Ray v. Long,*
128 N. C., 90. The authorities cited, to the effect that only one
in possession may maintain an action to remove a cloud from
title, were decisions rendered prior to the act of 1893. Chap-
ter 6; Revisal, sec. 1589. Since that statute, it is held that the
action is maintainable, though plaintiff is not in the present
possession or control of the property. *Campbell v. Cronly,* 150
N. C., 457; *Daniels v. Fowler,* 120 N. C., 14.

There is no error, and the judgment of the Superior Court is
affirmed.

No error.