J. L. KILPATRICK, ADMINISTRATOR OF NINA A. KILPATRICK, v. ZEPH KILPATRICK.

(Filed 9 October, 1918.)

1. **Husband and Wife— Married Women— Contracts— Separate Property— Constitutional Law.**

The real property of the wife, whether acquired before or after marriage, remains her sole and separate property (N. C. Const., Art. X, sec. 6), and therein the husband has no vested interest, but merely the power to refuse his written assent to her conveyance thereof.

2. **Husband and Wife—Married Women—Conveyance to Husband—Probate —Certificate—Statutes.**

Where the wife has conveyed her lands with her husband's written consent, and with the consent of all parties takes a mortgage back on the same day and as a part of the same transaction to secure notes given in part payment of the purchase price, payable to herself and husband jointly, it is not evidence that she made him an unqualified gift, either of the notes or a half thereof, and they remain her property as fully as the land for which consideration alone they were given; and the transaction comes within the express letter as well as the spirit of Revisal, sec. 2107, making a contract between husband and wife void which changes a part of her real estate or impairs the body of the capital of her personal estate unless in writing, etc., and unless it appears in the probate, to the satisfaction of the officer, "that the same was not unreasonable or injurious to her," etc.

3. **Same—Executors and Administrators—Descent and Distribution.**

In an action by the personal representative of the deceased wife to recover notes from her husband that were given in consideration of a sale of her real property, with mortgage back, and payable jointly to her husband and herself, but void under the provisions of Revisal, sec. 2107 : *Held*, the administrator is entitled to recover them to settle the estate of the decedent and for distribution among her next of kin. The husband, the defendant in this action, may not hold the same under the recent statutes of distribution (ch. 166, Laws 1913, amended by ch. 37, sec. 2), but is entitled only to his distributive part through the administration.

APPEAL by both parties from *Allen, J.,* at chambers, in Kinston, 12 September, 1918, from a judgment upon an agreed state of facts in a controversy submitted without action.

*Y. T. Ormond for plaintiff.*
*Dawson, Manning & Wallace for defendant.*

CLARK, C. J. It appears from the agreed statement of facts that on 1 November, 1913, Nina A. Kilpatrick, being the owner in fee simple of a tract of land, conveyed the same, with the written assent of her husband, to one B. W. Waters by deed duly recorded, and that "on the same day and as a part of the same transaction," the said B. W. Waters executed nine bonds for the purchase price of the land, one falling due each year, and made them payable to the said Nina A. Kilpatrick and her husband, each for the sum of $200, and to secure the same executed a mortgage on the said tract of land.

It was further agreed "said bonds were executed to Zeph Kilpatrick and his wife, Nina A. Kilpatrick, by consent and agreement of all parties to the transaction."

Revisal, 2107, provides : *"Void without approval of probating officer.* No contract between a husband and wife made during coverture shall

be valid to affect or charge any part of the real estate of the wife, or the accruing income thereof, for a longer time than three years next ensuing the making of such contract, or to impair or change the body or capital of the personal estate of the wife, or the accruing income thereof, for a longer time than three years next ensuing the making of such contract unless such contract shall be in writing, and be duly proved, as is required for conveyances of land; and upon the examination of the wife separate and apart from her husband, as is now or may hereafter be required by law in the probate of deeds of *femes covert,* it shall appear to the satisfaction of such officer that the wife freely executed such contract, and freely consented thereto at the time of her separate examination, and that the same is not unreasonable and injurious to her. The certificate of the officer shall state his conclusions, and shall be conclusive of the facts therein stated. But the same may be impeached for fraud as other judgments may be."

Said Nina A. Kilpatrick died 26 October, 1916, and this proceeding by her administrator is to obtain possession of the bonds, which is refused by the husband. The court held that the administrator was entitled to one-half, and both parties appealed.

Chapter 166, Laws 1913, as amended by chapter 37, sec. 2, provides that "If any married woman shall die intestate leaving one child and her husband, her personal estate shall be equally divided between the child and husband. If she leave more than one child and husband, the husband shall receive a child's part."

Under the Constitution of North Carolina, Art. X, sec. 6, "the real and personal property" of any wife in this State, whether acquired before or after marriage, "shall remain the sole and separate estate and property of such wife." The husband had no interest, therefore, of any kind whatever in her estate. He had no vested interest whatever in her realty, but merely the bare possibility of becoming a tenant by curtesy should she die without will. *Thompson v. Wiggins,* 109 N. C., 508; *Walker v. Long, ib.,* 510; *Jones v. Coffey, ib.,* 515. He had nothing to release, but merely the power to refuse his written assent to her conveyance of this property.

It is agreed in this case that the conveyance of the land by the wife with the husband's assent, and the conveyance back of the same by the mortgage to secure the purchase money for said land, the notes being made payable jointly to the husband and wife, was all done "on the same day and as a part of the same transaction." And further, it is agreed "said bonds were executed to Zeph Kilpatrick and wife, Nina A. Kilpatrick, by consent and agreement of all parties to the transaction."

There is no indication here, and no evidence, that she made him an unqualified gift of the whole of the notes, or even of one-half of them,

as in *Rea v. Rea,* 156 N. C., 532, but it was a contract between all three parties to the transaction, the husband giving only his written consent to the conveyance, the wife conveying her property with such written assent, the grantee making a mortgage back to secure the purchase money notes which were made payable to husband and wife.

In *Rea v. Rea,* 156 N. C., 532, it is said, citing and approving *Sydnor v. Boyd,* 119 N. C., 481, that "there the wife attempted to assign her life insurance policy to her husband so as to make it payable to him at her death, and guaranteed 'the validity and sufficiency of the foregoing assignment.' This was an executory contract which would have changed or diminished the *corpus* of her estate at her death, and she would have incurred liability upon her guarantee. The Court held that this was a contract and invalid because not made in compliance with the Code, 1835 (now Revisal, 2107)." Such would be the effect of the contract in this case, and it is to prevent "changing or diminishing the *corpus* of her estate at her death" that this action is brought to recover these notes.

This transaction comes within the express letter as well as the spirit of Revisal, 2107, which makes void any contract between husband and wife "to affect or charge any part of the real estate of the wife . . . or to impair the body of the capital of the personal estate of the wife . . . unless such contract shall be in writing, and be duly proved as is required for conveyances of land, and upon examination of the wife separate and apart from the husband . . . it shall appear to the satisfaction of the officer," not only that the wife freely executed such contract, but "that the same was not unreasonable and injurious to her." And further the statute requires that "the certificate of the officer shall state his conclusion and shall be conclusive of the facts therein stated, subject to impeachment for fraud."

It is very clear that the transaction herein is void under this statute, and though the bonds were made payable to husband and wife, jointly, they remained her property as fully and completely as the land for which consideration alone they were given. The statute would be a useless formality if such transaction as this is valid, even if consideration by the husband was shown beyond giving the written assent to the conveyance, for it was not adjudged reasonable by the officer.

The identical point is decided in *Speas v. Woodhouse,* 162 N. C., 69, where *Hoke, J.,* cites with approval from *Brown, J.,* in *Sprinkle v. Spainhour,* 149 N. C., 223, as follows: "It is one of the essentials of the peculiar estate by entireties sometimes enjoyed by husband and wife that the spouse be jointly entitled as well as jointly named in the deed. Hence if the wife alone be entitled to a conveyance, and it is made to her and her husband jointly, the latter will not be allowed to retain the

whole by survivorship. And it matters not if the conveyance is so made at her request because, being a married woman, she is presumed to have acted under the coercion of her husband" (citing authorities).

It was stated on the argument, though it did not appear in the facts agreed, that Nina A. Kilpatrick left children surviving her. It does not appear whether she left creditors or not, though under the Martin Act (Laws 1911, ch. 109) a married woman is authorized to contract and incur liabilities as fully as if unmarried. But both these facts are immaterial, for upon the death of a married woman her executor, or administrator, is entitled to the custody of her personalty as fully as if she were single or a man, and the personal representative is to account for the same in the same manner—first, in disbursement of the expenses of administration and payment of debts, if any, and payment of the surplus, if any, to the distributees designated by law. Such interest as the husband can show will be paid over to him in settlement of the estate.

Our conclusion is, that the administrator is entitled to recover possession of these notes from the husband, to be used in the due administration of the wife's estate.

The briefs of counsel on both sides admit that there is no decision in this State upon the question whether there is an estate by entireties in personalty. The decisions in other States on the point are conflicting.

In England the estate by entireties obtained only in realty and has been abolished even as to that.

In the defendant' appeal, no error.

In the plaintiff's appeal, reversed.