CHARLES DEESE, BY HIS NEXT FRIEND, v. JESSE M. DEESE.

(Filed 27 November, 1918.)

1. **Husband and Wife—Deeds and Conveyances—Separate Estate—Purchase of Lands—Resulting Trusts—Tenant by the Curtesy—Descent and Distribution—Devise—Constitutional Law.**

    When land is purchased by the wife with money belonging to her separate estate, with conveyance to the husband and wife by entirety, it is not a gift by the wife to her husband of her personal property, and, though thus conveyed at her request, creates a resulting trust in the lands in her favor; and after her death, in the absence of devise (Constitution, Art. X, sec. 6), the husband, as tenant by the curtesy, acquires a life interest therein, and upon his death the land descends to the heirs at law of the wife, a child of the marriage, in the present instance.

2. **Husband and Wife — Deeds and Conveyances—Separate Estate—Justices of the Peace—Certificates—Statutes—Probate.**

    Where land, purchased with the wife's separate estate, has been conveyed to the husband and wife, the conveyance, if otherwise sufficient to apply the law of *jus accrescendi,* would be inoperative to do so upon the failure of the justice of the peace to make the certificate required by Revisal, sec. 2107.

ALLEN, J., concurs in result.

APPEAL by defendant from *Harding, J.,* at May Term, 1918, of UNION.

This was an action brought by Annie M. Deese against Jesse M. Deese, her husband, to declare him a trustee of a tract of land, the purchase money of which was paid by Annie M. Deese, but the title to

which was taken to Jesse M. Deese and Annie M. Deese. The plaintiff dying after the action was begun, her only child, Charles Deese, was substituted as plaintiff appearing by his next friend. The facts found by the jury by consent are that the land described in the complaint was purchased with money belonging to Annie M. Deese which was realized from the sale of land inherited by her from her mother, but the deed dated 12 January, 1914, was executed to Jesse M. and Annie M. Deese by the request and with the consent of Annie M. Deese.

*Stack & Parker for plaintiff.*
*Redwine & Sikes for defendant.*

CLARK, C. J. It does not appear upon the face of the deed that the grantees were husband and wife, and hence, without evidence *dehors,* the grantees would hold as tenants in common.

The jury finding, by consent, that the land was purchased with the separate property of Annie M. Deese, which had been derived from the sale of land belonging to her, there was a resulting trust in favor of the wife. *Lyon v. Akin,* 78 N. C., 258; *Cunningham v. Bell,* 83 N. C., 330. Even when the wife furnishes the purchase money and requests that the deed be made to her husband there is still a resulting trust to her. *Sprinkle v. Spainhour,* 149 N. C., 223, which says: "It is one of the essentials of the peculiar estate by entireties sometimes enjoyed by husband and wife that the spouses be *jointly entitled* as well as jointly named in the deed. Hence, if the wife alone be entitled to a conveyance, and it is made to her and her husband jointly, the latter will not be allowed to retain the whole by survivorship. And it matters not if the conveyance is so made at her request, because being a married woman she is presumed to have acted under the coercion of her husband."

In *Speas v. Woodhouse,* 162 N. C., 69, the same ruling was made by Hoke, J., quoting from *Brown, J.,* in *Sprinkle v. Spainhour, supra,* as above set out. We have cited and reaffirmed those cases because of non-observance of the requirements of Revisal, 2107, in *Kilpatrick v. Kilpatrick* and *Gooch v. Bank,* both at this term.

It is true, as claimed by the defendant, that as to conveyances of personalty there is no restriction whatever upon the right of a wife to dispose of her personalty as fully and as freely as if she had remained unmarried (*Vann v. Edwards,* 135 N. C., 661), and that in *Rea v. Rea,* 145 N. C., 532, it was held that a married woman has unrestricted power to convey her personal property and, therefore, can make a gift thereof to her husband if she thinks proper; but there are no facts in this case calling for the application of this principle. The wife here made no present of money to her husband, and this is not an action to

recover money or other personalty. It is distinctly stated that the wife's money was paid to the vendor of the land. It was not given to the husband. When the grantor therefore made the conveyance to the husband, though at the wife's request, there was a resulting trust to her. *Sprinkle v. Spainhour, supra,* and *Speas v. Woodhouse, supra.* There could be no title in the husband unless the money had been given him by the wife and he had thereafter, and not as a part of the same transaction, paid it to the vendor; and even then the deed would not have carried an estate by the entirety, but merely a tenancy in common. When the money is paid by the wife, and at her request the deed is made to the husband, this is in effect a conveyance of realty by her and invalid unless executed in the manner required by Revisal, 2107. *Kilpatrick v. Kilpatrick,* at this term, and cases there cited.

The property having been bought with the wife's separate estate, and there having been no contract executed in the manner required by Revisal, 2107, the conveyance, so far as it purported to convey any interest in the land to the husband, was a nullity, for the justice has not found the facts required by that section. The court below properly signed judgment that the defendant Jesse M. Deese was "entitled to a life estate in said lands as a tenant by the curtesy, and that the remainder or reversionary interest in said land has descended to Charlie Deese, the only child and heir at law of said Annie M. Deese." The defendant was entitled to the tenancy by the curtesy only because it does not appear that the wife had devised said land as she is empowered to do under Constitution, Art. X, sec. 6. *Tiddy v. Graves,* 126 N. C., 620.

No error.