JOHN GARRIS ET AL. v. MATTHEW TRIPP ET AL.

(Filed 29 September, 1926.)

.1. Tenants in Common—Deeds and Conveyances—Possession—Title.

Where tenants in common divide the lands held among themselves by deed, the deed so given is for the purpose of severing the tenancy and does not affect the title under which they hold.

2. Same—Husband and Wife.

Two sisters are tenants in common of a tract of land; one sister and her husband releases a one-half interest therein by a deed to the other sister and her husband: *Held*, only the tenancy is secured and no new estate is created.

APPEAL by defendants from *Sinclair, J.,* at April Term, 1926, of the Superior Court of WAYNE County.

*D. H. Bland and W. S. O'B. Robinson for plaintiffs.*
*Dickinson & Freeman for defendants.*

ADAMS, J. This case was heard on an agreed statement of facts. Prior to 10 March, 1870, Winnifred Tripp (who before her marriage to Theophilus Tripp was Winnifred Garris), and Mourning Garris, her sister, were the owners in fee and in possession of 40 acres of land allotted to them in the division of their father's estate and subject to the dower interest of their mother. On 10 March, 1870, Theophilus Tripp and his wife, Winnifred Tripp, Mourning Garris, and Smithie Garris, the widow, conveyed this land to John R. Smith in exchange for another tract containing 228 acres, which was conveyed by John R. Smith and his wife to Winnifred Tripp and Mourning Garris. Sometime after 10 March, 1870, and before 27 December, 1871, Mourning Garris married Austin Williams. At the date last named Austin Williams and his wife, Mourning Williams, conveyed to Theophilus Tripp and Winnifred Tripp, his wife, 114 acres (described by metes and bounds), which is one-half of the 228-acre tract; and at the same time Theophilus Tripp and his wife conveyed to Austin Williams and his wife 114 acres, the remainder of the tract. Winnifred Tripp died about 18 years ago and Theophilus Tripp on 6 April, 1924. One child, born to Theophilus Tripp and his wife, died in the lifetime of its mother. The plaintiffs are the heirs of Winnifred Tripp and the defendants are the heirs of Theophilus Tripp. Since the death of Theophilus Tripp the defendants have been in possession of the 114 acres described in the deed executed by Austin Williams and his wife to Theophilus Tripp

and his wife, receiving the rents and profits. The plaintiffs contend that they are the owners in fee and entitled to recover the possession of this land as the heirs of Winnifred Tripp; the defendants contend that they are the owners thereof as the heirs of Theophilus Tripp.

At the trial of the cause it was adjudged that the plaintiffs are the owners and entitled to the immediate possession of the land in controversy; whereupon the defendants excepted and appealed. The judgment must be affirmed. John R. Smith and his wife conveyed the 228-acre tract to Winnifred Tripp and Mourning Garris, who then held the land as tenants in common. It was taken in exchange and evidently in substitution for land which had descended to them from their father. The deeds mutually executed by these tenants and their husbands merely severed the tenancy and did not create a new estate. "It is one of the essentials of the peculiar estate by entireties sometimes enjoyed by husband and wife, that the spouses be jointly entitled as well as jointly named in the deed. Hence if the wife alone be entitled to a conveyance, and it is made to her and her husband jointly, the latter will not be allowed to retain the whole by survivorship. And it matters not if the conveyance is so made at her request, because being a married woman she is presumed to have acted under the coercion of her husband." *Sprinkle v. Spainhour,* 149 N. C., 223. It is therefore manifest that the deed from Williams and his wife to Theophilus Tripp and his wife did not convey an estate by the entirety. *Harrison v. Ray,* 108 N. C., 215; *Carson v. Carson,* 122 N. C., 645; *Harrington v. Rawls,* 131 N. C., 39; *ibid.,* 136 N. C., 65; *Speas v. Woodhouse,* 162 N. C., 66; *Kilpatrick v. Kilpatrick,* 176 N. C., 182, 185.

Affirmed.