ETTA W. INGRAM, GUARDIAN OF ROBERT GEROY INGRAM, v. WILLA V. EASLEY, GUARDIAN OF ELSIE CHRISTINE INGRAM.

(Filed 21 May, 1947.)

**1. Appeal and Error § 20c—**

Where jury trial is waived and the cause submitted to the court by agreement, a deed appearing in the case agreed signed by the parties and which is referred to in the statement of facts agreed, will be considered on appeal notwithstanding objection that the deed was not offered in evidence.

**2. Appeal and Error § 22—**

Defendant claimed under a deed executed to her ancestor some years prior to the time in question, and introduced the deed in evidence. Plaintiff contended that the evidence failed to show title in the ancestor at the time in question because of want of evidence that the ancestor had not conveyed the property in the interim. *Held:* The Court will not assume the existence of documents about which there is no proof and which plaintiff was under duty to offer in evidence if they exist, but will decide the case upon the facts appearing of record.

**3. Husband and Wife §§ 6, 14—**

Where the husband is named as grantee with his wife in the introductory recital, but the granting clause, the *habendum* and the warranty of title are to "said party of the second part, her heirs and assigns" the deed conveys nothing to the husband.

**4. Deeds § 13a—**

In the event of any repugnancy between the granting clause and preceding or succeeding recitals, the granting clause will prevail.

**5. Husband and Wife § 14—**

Where property constituting the separate estate of the wife is the sole consideration in the exchange of this property for other realty, the wife alone is entitled to such other realty, and deed to such realty, even though it be made to them jointly, does not create an estate by entirety.

**6. Husband and Wife § 12c—**

A wife may not convey realty constituting her separate estate to her husband, either directly or indirectly, except by testamentary devise, without complying with G. S., 52-12, and therefore when property constituting her separate estate is exchanged for other realty, deed to them jointly for such other realty does not create an estate by entirety.

APPEAL by defendant from *Burney, J.,* November Term, 1946, COLUMBUS. Reversed.

Petition for partition in which the defendant pleads sole seizin.

Upon the filing of defendant's answer denying cotenancy and pleading sole seizin, the cause was transferred to the civil issue docket for trial of the issue thus raised, as is required by law.

When the cause came on for trial in the court below, counsel stipulated the facts, waived trial by jury, and submitted the cause to the court for decision on the pleadings and the facts agreed.

The facts are in substance as follows: In April, 1933, Mildred S. Ingram, wife of Henry W. Ingram, was the owner of two lots in the Town of Whiteville, described in a deed from her mother dated 7 April 1928 and recorded in Book 131, page 469, Columbus County Register. She agreed with G. E. Crutchfield to exchange the first lot or tract described in said deed for the tract described in the complaint then owned by Crutchfield. This agreement was evidenced by a written contract executed by Mildred S. Ingram and husband and G. E. Crutchfield and wife, dated 28 April 1933. Thereafter, on 2 May 1933, in compliance with the agreement, deeds were duly executed.

In 1935 Mildred S. Ingram died intestate leaving surviving her husband, Henry W. Ingram, and one child, Elsie Christine Ingram, the defendant.

Thereafter Ingram remarried and to this union was born one child, Robert Geroy Ingram, the plaintiff. He then died intestate, leaving surviving his widow, Etta W. Ingram, and two children, plaintiff and defendant herein.

After the death of Mildred S. Ingram, Henry W. Ingram remained in possession of the *locus* until the time of his death. Since that time the defendant has been in possession thereof.

The court below, being of the opinion that the deed from Crutchfield and wife to Ingram and wife for the *locus* created an estate by entirety and that upon the death of Mildred S. Ingram her husband, Henry W. Ingram, became the sole owner thereof in fee by survivorship, adjudged that plaintiff and defendant are now the owners thereof by inheritance as tenants in common and remanded the cause to the clerk for further proceedings. Defendant excepted and appealed.

*Powell & Powell for plaintiff appellee.*
*Lyon & Lyon for defendant appellant.*

BARNHILL, J. Counsel for the plaintiff earnestly insists that the record fails to disclose that the deed from Crutchfield to Ingram was offered in evidence and therefore it should not be considered by the Court. This deed appears in the case agreed, signed by them. The stipulation of facts makes reference thereto. Furthermore, this deed is the source of the title to which plaintiff makes claim. No reason why it should be disregarded is made to appear.

They further contend that while the record discloses that in 1928 Mildred S. Ingram acquired title to the lot conveyed to Crutchfield in exchange for the *locus,* ownership at the time of the exchange is controlling, and the evidence "in no way denies or disproves that Henry W. Ingram had acquired (it) by purchase or gift" prior to the time it was conveyed to Crutchfield as consideration for the lot in controversy. The answer is simple. The case agreed discloses the title upon which defendant relies. If there is any other deed or document which tends to disprove her title or to strengthen the claim of plaintiff, it was his duty to offer it in evidence. The Court will not assume the existence of documents about which there is no proof but will decide the case upon the facts appearing of record.

Having disposed of these preliminary questions raised by the appellee, we come to the two questions posed by the appeal: (1) Does the deed from the Crutchfields to the Ingrams dated 2 May 1933 on its face purport to convey an estate by entirety to the grantees therein, and (2) If so, did said deed in fact convey any interest or estate to said Henry W. Ingram? We are constrained to answer each question in the negative.

It is apparent the Crutchfield deed conveyed nothing to Henry W. Ingram. His name appears only in the introductory recital giving the names of the parties. In the granting clause the land is conveyed to "said party of the second part, her heirs and assigns." The estate conveyed is so limited in the *habendum* clause and warranty of title is to like effect.

In the event of any repugnancy between the granting clause and preceding or succeeding recitals, the granting clause will prevail. *Williams v. Williams,* 175 N. C., 160, 95 S. E., 157; 16 A. J., 575.

But we are not required to rest decision solely on the clear intent of the deed as expressed by the language used therein. Even if we concede, *arguendo,* the deed discloses an intent to convey the land to the grantees therein as tenants by entirety, the husband took nothing thereunder.

The property given in exchange and as the consideration for this conveyance was a part of the separate estate of the *feme* grantee. She alone was entitled to the conveyance.

To create an estate by entirety the spouses must be jointly entitled as well as jointly named in the deed and so "if the wife alone be entitled to a conveyance, and it is made to her and her husband jointly, the latter will not be allowed to retain the whole by survivorship." *Sprinkle v. Spainhour,* 149 N. C., 223; *Speas v. Woodhouse,* 162 N. C., 66, 77 S. E., 1000.

A married woman cannot convey her real property to her husband directly or by any form of indirection without complying with the provisions of G. S., 52-12. Any manner of conveyance—testamentary de-

vises excepted—otherwise than as therein provided is void. *Sprinkle v. Spainhour, supra; Speas v. Woodhouse, supra; Singleton v. Cherry,* 168 N. C., 402, 84 S. E., 698; *Deese v. Deese,* 176 N. C., 527, 97 S. E., 475; *Davis v. Bass,* 188 N. C., 200, 124 S. E., 566; *Best v. Utley,* 189 N. C., 356, 127 S. E., 337; *Garner v. Horner,* 191 N. C., 539, 132 S. E., 290; *Caldwell v. Blount,* 193 N. C., 560, 137 S. E., 578; *Capps v. Massey,* 199 N. C., 196, 154 S. E., 52; *Fisher v. Fisher,* 218 N. C., 42, 9 S. E. (2d), 493.

This rule applies to a conveyance of land in trust for the husband, *Best v. Utley, supra; Davis v. Bass, supra; Garner v. Horner, supra; Fisher v. Fisher,* 217 N. C., 70, 6 S. E. (2d), 812; notes payable to husband and wife, received in consideration for a conveyance of the wife's land, *Kilpatrick v. Kilpatrick,* 176 N. C., 182, 96 S. E., 988; a conveyance to husband and wife when the land was purchased with the wife's money; *Deese v. Deese, supra;* separation agreements, *Taylor v. Taylor,* 197 N. C., 197, 148 S. E., 171; a consent judgment transferring the wife's property to her husband, *Ellis v. Ellis,* 193 N. C., 216, 136 S. E., 350; and to any other transaction the effect of which is to convey the wife's separate real estate to the husband "for a longer time than three years next ensuing the making of such contract." G. S., 52-12.

Upon the death of Mildred S. Ingram her husband became entitled to possession of the *locus* for life as tenant by curtesy with remainder in the defendant. Henry W. Ingram being now deceased, the defendant is the owner of the property in fee and the plaintiff is possessed of no right thereto or interest therein. Hence the judgment below is

Reversed.