C. W. DAVIS (Single) v. W. S. VAUGHN and Wife, SUDIE VAUGHN; EDWARD DAVIS and Wife, MATTIE DAVIS; THOMAS DAVIS; MATTIE SECHREST COX; H. N. WILLIARD, Trustee; HIGH POINT SAVINGS AND TRUST COMPANY; C. N. COX, Trustee; E. L. SHAW; E. R. PROCTOR; RUFUS K. HAYWORTH, Trustee; CUMBY-ORRELL MORTUARY INC.; W. W. SMITH and T. P. DWIGGINS.

(Filed 3 February, 1956.)

**1. Appeal and Error § 39c—**

The admission of evidence relating to an issue withdrawn cannot be prejudicial.

**2. Appeal and Error § 39e—**

The admission of evidence over objection cannot be prejudicial when testimony of like import is thereafter admitted without objection.

**3. Husband and Wife § 12c—**

A conveyance by the wife of her lands to the husband, either directly or indirectly, without complying with the requirements of G.S. 52-12, is void.

**4. Same: Husband and Wife § 14—**

A wife owning the fee in lands conveyed same, with the joinder of her husband, to third parties by deed which failed to incorporate certificate of the certifying officer that the deed was not unreasonable or injurious to her, as required by G.S. 52-12. On the same day the third persons reconveyed the lands to the wife and husband. The simultaneousness of the transaction, coupled with the averments of answers offered in evidence, manifested an intention to thus vest in the husband and wife an estate by entireties. *Held:* The conveyances are void, since parties cannot do by indirection that which they cannot do directly. Therefore the fee remained in the wife, and upon her death, her heirs are entitled to the lands as against the surviving husband or his lienee.

**5. Appeal and Error § 6c (1)—**

Where demurrer *ore tenus* to two further defenses set up by some of defendants and four further defenses set up by other defendants, stating separate grounds therefor, is sustained, an exception and assignment of error to the action of the court in sustaining the demurrer *ore tenus* are not sufficiently specific to meet the requirements of Rule 19 (3) of the Rules of Practice in the Supreme Court.

**6. Trial § 29—**

While ordinarily a verdict may not be directed in favor of the party having the burden of proof, when only one inference can be drawn from the facts admitted, the court may draw the inference and peremptorily instruct the jury.

APPEAL by defendants W. S. Vaughn and wife, Sudie Vaughn, H. N. Williard, Trustee, and High Point Savings and Trust Company, from *Phillips, J.*, at 21 March, 1955 Term of GUILFORD—High Point Division.

Civil action for the purpose of quieting title to certain lands in Guilford County, North Carolina, and removing cloud upon title as set forth in the complaint by setting aside as void certain recorded deeds, mortgages and deeds of trust.

The record and case on appeal disclose substantially the following:

(1) That on 21 September, 1928, by deed duly registered on 15 February, 1929, in office of Register of Deeds of Guilford County, North Carolina, Amos Realty Company conveyed to Andy Hiatt and his wife, Eldora Hiatt, in fee simple, certain lots in Milbourne Heights described in the complaint, *and referred to as Tract One.*

(2) That defendants W. S. Vaughn and his wife, in their answer, and defendant H. N. Williard, Trustee, and High Point Savings and Trust Company, by stipulation of their counsel, admit that Andy Hiatt was the husband of Eldora Hiatt; that *Tract One* was conveyed to them as an estate by the entirety; that subsequent to said conveyance and prior to 24 February, 1944, Andy Hiatt died, and Eldora Hiatt became the sole owner of said *Tract One;* that subsequent to death of Andy Hiatt and prior to 24 February, 1944, Eldora Hiatt married W. S. Vaughn; and that no children were born of the marriage of Andy Hiatt and Eldora Hiatt or of the marriage of Eldora Hiatt and W. S. Vaughn.

(3) That as alleged in paragraph 6 of the complaint, on 24 February, 1944, by deed duly registered 26 August, 1944, in the office of Register of Deeds of Guilford County, North Carolina, R. T. Amos and wife and Charles L. Amos and wife conveyed to Eldora Hiatt Vaughn in fee simple a certain tract of land in Milbourne Heights, described in the complaint, *and referred to as Tract Two.* The defendants W. S. Vaughn and wife, Sudie Vaughn, admit the allegation of the complaint in this respect. But the defendants H. N. Williard, Trustee, and the High Point Savings and Trust Company aver that as to this allegation they do not have sufficient information upon which to form a belief, and therefore deny the same, except as admitted in their further answer. And in their second further defense they aver that the conveyance from R. T. Amos and Charles L. Amos to Eldora Hiatt Vaughn did not constitute a gift from W. S. Vaughn, but on the other hand was made pursuant to an agreement between W. S. Vaughn and his wife, etc.

(4) That on 20 April, 1953, Eldora Hiatt Vaughn, formerly Eldora Hiatt, and husband, W. S. Vaughn, in recited consideration of Ten Dollars and other considerations attempted to convey to T. W. Garner and wife, Susie V. Garner, *Tracts One and Two,* by separate purported deeds, the executions of which were acknowledged by Eldora Hiatt

Vaughn and husband, W. S. Vaughn, before the same notary public on 20 April, 1953, and the purported deeds were filed for registration on 21 April, 1953, *one* at 9:35 o'clock A.M., and *the other* at 9:45 o'clock A.M., and were registered in the office of Register of Deeds of Guilford County, North Carolina.

(5) That on same day, 20 April, 1953, T. W. Garner and wife, Susie V. Garner, in recited consideration of Ten Dollars and other considerations, attempted to convey to Eldora Hiatt Vaughn and her husband, W. S. Vaughn, *Tracts One and Two*, by separate deeds, the executions of which were acknowledged on 20 April, 1953, by T. W. Garner and his wife, Susie V. Garner, before the same notary public, and the same notary public before whom Eldora Hiatt Vaughn and husband, W. S. Vaughn, acknowledged the deeds referred to in preceding paragraph. The deeds thus acknowledged were filed for registration on 21 April, 1953, at 9:50 A.M.

(6) That plaintiff alleges in his complaint, and defendants W. S. Vaughn and his wife, Sudie Vaughn, admit in their answer that T. W. Garner and Susie V. Garner are the son-in-law and daughter of W. S. Vaughn.

(7) That plaintiff further alleges in his complaint that the attempted conveyances, described and referred to in paragraphs 4 and 5 hereinabove, were intended to vest by indirect means an estate by the entirety in Eldora Hiatt Vaughn and husband, W. S. Vaughn; that the acknowledgments as to Eldora Hiatt Vaughn in the two deeds from Eldora Hiatt Vaughn and husband, W. S. Vaughn, to T. W. Garner and wife Susie V. Garner, described and referred to in paragraph 4, hereinabove, were not in the form required by G.S. 52-12, in that as to each deed the certifying officer did not incorporate a statement of his conclusions and findings of fact as to whether or not said deed was unreasonable or injurious to Eldora Hiatt Vaughn; and that by reason thereof each of said deeds was a nullity and of no force and effect and title to said property remained in Eldora Hiatt Vaughn as the sole owner, and said deeds constitute a cloud on the title of plaintiff and the other heirs at law of Eldora Hiatt Vaughn, deceased, to the property above described. And that in respect to these allegations, plaintiff offered in evidence certified copies of the record of the deeds referred to in paragraph 4 above, and also portions of amended answer of defendants W. S. Vaughn and his wife, Sudie Vaughn, and of the third further answer and defense of defendants H. N. Williard, Trustee, and the High Point Savings and Trust Company, respectively, in reference to Eldora Hiatt Vaughn, the following: "That these defendants are further informed and believe that in lieu of making a will she was advised to convey

her property to a third party and then back to herself and her husband in an estate by the entirety."

(8) That plaintiff also alleges in his complaint that on 20 July, 1953, W. S. Vaughn, then a widower, executed, among others, a purported deed of trust to H. N. Williard, Trustee, and the High Point Savings and Trust Company, which was recorded on 21 July, 1953, in office of Register of Deeds for Guilford County, North Carolina; and that same is uncanceled of record and purports to be an outstanding lien against the property here involved, and constitutes a cloud on the title of plaintiff and the other heirs of Eldora Hiatt Vaughn.

(9) That plaintiff further alleges in his complaint that he is the owner of one-third undivided interest in and to all the property above described, free and clear of all purported encumbrances described in the complaint, and is a tenant in common therein with defendants Edward Davis, Thomas Davis and Mattie Sechrest Cox, and, along with them is entitled to possession thereof. And that upon trial plaintiff offered evidence tending to show that he and the above named defendants are the heirs at law of Eldora Hiatt Vaughn.

The record further shows that when plaintiff first rested his case, defendants H. N. Williard, Trustee, High Point Savings and Trust Company and W. S. Vaughn and wife, Sudie Vaughn, made a motion for judgment as of nonsuit, which the court overruled, and the movants excepted. Exception No. 4.

Thereupon plaintiff demurred *ore tenus* to the following portions of the answer and further defenses of the respective defendants, among others:

1. The further answer and defense and the second further defense of the defendant W. S. Vaughn and wife, Sudie Vaughn, as appear of record.

2. The first, second, third and fourth further defenses of the defendant H. N. Williard, Trustee for High Point Savings and Trust Company, as set forth in their further answer to the complaint, all as appear of record.

The grounds upon which the demurrer is based were set out at length and in detail. The court sustained the demurrer as to each of the counts. The defendants H. N. Williard, Trustee, and the High Point Savings and Trust Company and W. S. Vaughn and Sudie Vaughn excepted thereto. Exception No. 5.

Plaintiff withdrew the issue of mental capacity.

Defendants W. S. Vaughn and Sudie Vaughn offered no evidence.

The defendants High Point Savings and Trust Company and H. N. Williard, Trustee, in the absence of the jury, offered testimony of J. E. Amos as to conversations with Eldora Hiatt Vaughn, in which she was

seeking advice which he gave, as to how she could give her property to her husband at her death. Motion of plaintiff to strike was allowed, and defendants excepted. And the record shows that, without objection, the court asked the witness this question: "Q. And you advised her this as a means of giving her property to her husband after her death, either by transferring the property to a third person and they (he) in turn transfer it back to her and her husband as tenants in common by the entirety, or making a will?", to which the witness answered, "Yes, sir."

Thereupon defendants closed their case, and defendants H. N. Williard, Trustee, High Point Savings and Trust Company, W. S. Vaughn and Sudie Vaughn, at the close of all the evidence, renewed their motion for judgment as of nonsuit. The motion was overruled. The defendants excepted. Exception No. 6.

The case was submitted to the jury upon these issues (deleting book and page of recordation), which were answered as indicated:

"1. Was the deed dated April 20, 1953, from Eldora Hiatt Vaughn and husband, W. S. Vaughn, to T. W. Garner and wife, Susie V. Garner . . . void for failure to comply with G.S. 52-12?

"Answer: Yes.

"2. Was the deed dated April 20, 1953, from Eldora Hiatt Vaughn and husband, W. S. Vaughn, to T. W. Garner and wife, Susie V. Garner, . . . void for failure to comply with G.S. 52-12?

"Answer: Yes.

"3. Did the deed dated April 20, 1953, from T. W. Garner and wife, Susie V. Garner, to Eldora Hiatt Vaughn and husband, W. S. Vaughn, . . . convey the title to the lands described in the deed?

"Answer: No."

"4. Did the deed dated April 20, 1953, from T. W. Garner and wife, Susie V. Garner, to Eldora Hiatt Vaughn and husband, W. S. Vaughn, . . . convey the title to the lands described in the deed.

"Answer: No."

Thereupon the court in judgment signed ordered, adjudged and decreed in pertinent part (1) that plaintiff and defendants Edward Davis, Thomas Davis and Mattie Sechrest Cox, are declared to be the owners and entitled to the possession of the lands described in the complaint as tenants in common,—plaintiff, one-third undivided interest, Edward Davis and Thomas Davis jointly one-third undivided interest, and Mattie Sechrest Cox, one-third undivided interest; (2) that the deeds described in issues Numbers 1, 2, 3 and 4 are declared null and void and of no effect; (3) that, among others, the deed of trust executed by W. S. Vaughn, widower, to H. N. Williard, Trustee, and the High Point Savings and Trust Company is declared null and void.

Defendants W. S. Vaughn and wife, Sudie Vaughn, and H. N. Williard, Trustee, and the High Point Savings and Trust Company excepted to the judgment, and appeal to Supreme Court and assign error.

*Robert M. Martin and James B. Lovelace for plaintiff, appellee.*

*Sprinkle & Coffield for defendants H. N. Williard and High Point Savings and Trust Company, appellants.*

*T. J. Gold for defendants W. S. Vaughn and Sudie Vaughn, appellants.*

WINBORNE, J.    The appellants present for decision numerous assignments of error based upon grouped exceptions pertaining to kindred subjects.  The Court so treats such of them as seem to merit particular expression.

Assignments of error Numbers 1, 2 and 3 are based upon exceptions of like numbers to the action of the trial judge in overruling objection to question asked certain witnesses as to the mental condition and capacity of Eldora Hiatt Vaughn.

These exceptions are untenable for two reasons:  (1) The issue as to mental capacity was withdrawn, and the matter to which objection is made became immaterial.  Hence if there were error, it was harmless.  (2) Even though as held in the case of *In re Lomax*, 224 N.C. 459, 31 S.E. 2d 369, a witness should not be permitted to answer questions as to whether the person, whose mental capacity is the subject of inquiry, had sufficient mental capacity to make a will or execute a deed, yet exceptions to the overruling of objection to questions in that respect cannot be sustained, because, as stated by *Parker, J.,* writing for the Court in *Spears v. Randolph*, 241 N.C. 659, 86 S.E. 2d 263, "It appears that testimony of like import was thereafter admitted without objection," citing cases.  See also *Shelton v. R. R.,* 193 N.C. 670, 139 S.E. 232, and cases cited.  *Queen v. DeHart*, 209 N.C. 414, 184 S.E. 7; *Owens v. Lumber Co.,* 212 N.C. 133, 193 S.E. 219; *S. v. Hudson*, 218 N.C. 219, 10 S.E. 2d 730; *Edwards v. Junior Order*, 220 N.C. 41, 16 S.E. 2d 466; *S. v. Williams*, 220 N.C. 445, 17 S.E. 2d 769; *S. v. Matheson*, 225 N.C. 109, 33 S.E. 2d 590.

Assignments of error Numbers 4 and 6 are based upon exceptions of like numbers to rulings of the trial court in denying motions of appealing defendants, aptly made, for judgment as of nonsuit.  In this connection, this Court has uniformly held that a deed of a wife, conveying land to her husband, is void, unless the examining or certifying officer, taking the acknowledgment of the wife to her execution of the deed, incorporate in his certificate a statement of his conclusions and findings of fact as to whether or not the deed is "unreasonable or inju-

rious to her" as required by the provisions of G.S. 52-12, formerly C.S. 2515. *Fisher v. Fisher,* 217 N.C. 70, 6 S.E. 2d 812, and cases there cited. See also *Fisher v. Fisher, S. C.,* 218 N.C. 42, 9 S.E. 2d 493; *Ingram v. Easley,* 227 N.C. 442, 42 S.E. 2d 624; *McCullen v. Durham,* 229 N.C. 418, 50 S.E. 2d 511; *Perry v. Stancil,* 237 N.C. 442, 75 S.E. 2d 512; *Honeycutt v. Bank,* 242 N.C. 734, 89 S.E. 2d 598.

Indeed, as stated in *Ingram v. Easley, supra,* "A married woman cannot convey her real property to her husband directly or by any form of indirection without complying with the provisions of G.S. 52-12. Any manner of conveyance, testamentary devises excepted, otherwise than as therein provided, is void."

Moreover, in order to create an estate by the entirety the husband and wife must be jointly entitled, as well as jointly named in the deed. And so if the wife alone be entitled to a conveyance, and it is made to her and her husband jointly, the latter will not be allowed to retain the whole by survivorship. *Ingram v. Easley, supra,* citing *Sprinkle v. Spainhour,* 149 N.C. 223, 62 S.E. 910; *Speas v. Woodhouse,* 162 N.C. 66, 77 S.E. 1000.

To like effect, among numerous other cases, are these: *Bryant v. Shields,* 220 N.C. 628, 18 S.E. 2d 157; *Wood v. Wilder,* 222 N.C. 622, 24 S.E. 2d 474; *Duckett v. Lyda,* 223 N.C. 356, 26 S.E. 2d 918. See also *Wilson v. Ervin,* 227 N.C. 396, 42 S.E. 2d 468.

In the light of these principles, applied to case in hand, the evidence offered upon trial is sufficient to take the case to the jury, and to support the verdict rendered. Admittedly Tract Number One became the sole property of Eldora Hiatt, as the survivor in an estate by entireties; and the case on appeal shows that the second tract was conveyed to her individually as Eldora Hiatt Vaughn, by deed in form sufficient to convey a fee simple title, with full covenants of seizin, right to convey, freedom from encumbrances and general warranty. Such was the state of the title at the time Eldora Hiatt Vaughn and her husband, W. S. Vaughn, executed the two deeds conveying the two tracts to his daughter and her husband (T. W. Garner and wife, Susie V. Garner), who simultaneously conveyed both tracts to Eldora Hiatt Vaughn and her husband, W. S. Vaughn—that is, in form to vest an estate by the entirety.

Plaintiff alleges that this was an attempt to do indirectly that which could not be done directly. The simultaneousness of the transaction, coupled with the averments of the answers offered in evidence, manifests an intention by the means employed to vest in the husband and the wife an estate by the entireties. The case of *McCullen v. Durham, supra,* relied upon by appellant is distinguishable in factual situation. Therefore, since the certificate of acknowledgment attached to the

deeds from Eldora Hiatt Vaughn and W. S. Vaughn, her husband, as aforesaid, failed to comply with the provisions of G.S. 52-12, the deeds were void, and title remained in her. Hence the motions of defendants for judgment as of nonsuit were properly overruled.

Assignment of error No. 5 is based upon exception No. 5 taken to the action of the trial court in sustaining demurrers *ore tenus* to two further defenses set up by defendants W. S. Vaughn and wife, and four further defenses set up by H. N. Williard, Trustee, and High Point Savings and Trust Company. While the record shows that plaintiff demurred to each further defense and upon separate grounds, and that the court sustained the demurrers *ore tenus* to each of the defenses, the entry of these defendants is that "as to the sustaining of the demurrers *ore tenus,* the defendants (naming them) object and except. Exception No. 5." Moreover, the assignment of error based on this exception is described as "the action of the court in sustaining the plaintiff's demurrer *ore tenus* to the further answer and defense of defendants." Such exception, and the assignment based thereon are not specific, and fail to meet the requirements of Rule 19 (3) of the Rules of Practice in the Supreme Court, 221 N.C. 544, at 554. And even if the exception and assignment conformed to the rule, appellants fail to show error in any respect as to the ruling of the court.

Assignments of error 13 and 14 are based upon exceptions of like number to peremptory instructions given by the jury with respect to the issues submitted.

While ordinarily a verdict may not be directed in favor of the party having the burden of proof, when only one inference can be drawn from the facts admitted, the court may draw the inference and peremptorily instruct the jury. See McIntosh, North Carolina P. & P., 632. *La Vecchia v. Land Bank,* 218 N.C. 35, 9 S.E. 2d 489; *Finance Co. v. O'Daniel,* 237 N.C. 286, 74 S.E. 2d 717.

In the present case the record of the deeds involved, the simultaneousness of the transaction and the admissions of defendants in their pleadings point unerringly to the single purpose to do indirectly what the statute G.S. 52-12 forbids to be done directly, that is, vest the separate real property of the wife in the husband and the wife as an estate by the entireties without the certificate of the officer, who took the acknowledgment of the wife, that the deed was not unreasonable nor injurious to her. Therefore, the instruction as given was without error.

The record and case on appeal show other assignments of error based upon exceptions (1) to refusal of the trial court to submit other issues tendered by defendants, (2) to give instructions specifically requested

by defendants, and (3) to portions of the charge as given. However, upon consideration of them prejudicial error is not made to appear.

Hence for reasons stated, in the judgment from which appeal is taken, we find

No error.