160 S.E.2d 308 (1968)
273 N.C. 463
Claudia W. COMBS
v.
J. Rodney COMBS and Margaret R. Combs.
No. 355.
Supreme Court of North Carolina.
April 10, 1968.
*310 Braswell & Strickland by Thomas E. Strickland, Goldsboro, for petitioner appellant.
Sasser, Duke & Brown by J. Thomas Brown, Jr., Dees, Dees, Smith & Powell by William L. Powell, Jr., Goldsboro, for respondent appellees.
HUSKINS, Justice.
The determinative question here is whether or not the deed from Mary L. Sullivan and husband C. E. Sullivan to J. E. Combs and wife Dora Combs vested in the grantees an estate by the entireties. If so, petitioner Claudia W. Combs was a tenant in common with J. Rodney Combs at the time of the institution of this proceeding. If not, petitioner owned no interest in the 90.5-acre tract described in her petition.
It is noted at the outset that the deed from the Sullivans to J. E. Combs *311 and wife Dora Combs and the deed from J. E. Combs and wife Dora to the Sullivans were dated, executed and filed for recordation simultaneously. Both are recorded in Book 200, one at page 406 and the other at page 407, Wayne County Registry. Determination of the intent and effect of the deed from the Sullivans to J. E. Combs and wife Dora Combs requires consideration of both deeds. "These deeds together constitute a `simultaneous transaction.' All instruments executed at the same time and relating to the same subject may be construed together in order to effectuate the intention. Sandlin v. Weaver, 240 N.C. 703, 83 S.E.2d 806; Howell v. Howell, 29 N.C. 491." Smith v. Smith, 249 N.C. 669, 675, 107 S.E.2d 530, 534.
The four common-law unities essential to a joint tenancy are unities of time, title interest and possession. Davis v. Bass, 188 N.C. 200, 124 S.E. 566. A tenancy by the entirety is created when a fifth unity, to wit, unity of person, is added to the four. Topping v. Sadler, 50 N.C. 357. Thus, "[w]hen land is conveyed or devised to a husband and wife as such, they take the estate so conveyed or devised, as tenants by the entirety, and not as joint tenants, or tenants in common. Harrison v. Ray, 108 N.C. 215, 12 S.E. 993, 11 L.R.A. 722, 23 Am.St.Rep. 57. This tenancy by the entirety takes its origin from the common law when husband and wife were regarded as one person, and a conveyance to them by name was a conveyance in law to but one person. The estate rests upon the doctrine of the unity of person, and upon the death of one the whole belongs to the other, not solely by right of survivorship, but also by virtue of the grant which vested the entire estate in each grantee. * * * and the estate thus created has never been destroyed or changed by statute in North Carolina." Davis v. Bass, 188 N.C. 200 at 203, 124 S.E. 566 at 567. See also Edwards v. Batts, 245 N.C. 693, 97 S.E.2d 101; Bowling v. Bowling, 252 N.C. 527, 114 S.E.2d 228; 41 N.C.L. Rev. 67.
Even so, if the deeds under consideration in this case were exchanged solely for the purpose of partitioning the 163-acre tract owned by Dora Combs and Mary L. Sullivan as tenants in common, the deed from the Sullivans to J. E. Combs and wife Dora had the effect only of severing the unity of possession and created no new estate by the entirety. In dividing the common land by an exchange of deeds, "* * * if any of such deeds names the tenant and his wife or the tenant and her husband as grantees, no estate by the entireties is thereby created, even if they are so named with the consent of the tenant. The grantees must be both jointly named and jointly entitled." Smith v. Smith, 249 N.C. 669, 677, 107 S.E.2d 530, 536, and cases cited. In such case, there is no unity of time and title because the cotenant already has his title by inheritance from the ancestor or by the deed of conveyance to the tenants in common, whereas the spouse must claim title under the partition deed. 132 A.L.R. 630; 173 A.L.R. 1216; Duckett v. Lyda, 223 N.C. 356, 26 S.E.2d 918; Wood v. Wilder, 222 N.C. 622, 24 S.E.2d 474; Garris v. Tripp, 192 N.C. 211, 134 S.E. 461.
We are of the opinion that the deed from Mary L. Sullivan and husband to J. E. Combs and wife Dora W. Combs, recorded in Book 200, page 407, Wayne County Registry, was a partition deed and lacked the mandatory unities of time and title required to create an estate by the entirety. This is true because Dora Combs owned a one-half undivided interest in the 165-acre tract by virtue of the deed from Atlantic Joint Stock Land Bank of Raleigh dated 1 May 1933, to her and Mary L. Sullivan. The exchange of deeds by these cotenants merely assigned to each what was already hers and fixed the boundaries of each share to be held thereafter in severalty. The deed from the Sullivans to J. E. Combs and wife Dora was incapable of passing a new title or creating a new estate in the 90.5-acre portion of the common land. It merely divested *312 Mary L. Sullivan from her undivided interest in said portion. "And the fact that deeds exchanged between tenants in common in effecting partition may be regular form deeds of bargain and sale, with the usual covenants of title, seizen [sic], and warranty, ordinarily does not affect the operation of the rule that a partition deed creates no new, different, or additional title." Elledge v. Welch, 238 N.C. 61, 67, 76 S.E.2d 340, 344, and cases cited.
This view is strengthened by the fact that a wife cannot convey her real property to her husband, either directly or indirectly, without complying with the privy examination provisions of G.S. § 52-6 which requires the certifying officer who examines the wife to incorporate in his certificate a finding that the transaction is not unreasonable or injurious to her. Brinson v. Kirby, 251 N.C. 73, 110 S.E.2d 482; Pilkington v. West, 246 N.C. 575, 99 S.E.2d 798; Davis v. Vaughn, 243 N.C. 486, 91 S.E.2d 165; McCullen v. Durham, 229 N.C. 418, 50 S.E.2d 511; Ingram v. Easley, 227 N.C. 442, 42 S.E.2d 624. Absent a certificate by the examining officer containing a finding to that effect, such purported conveyance is void. Davis v. Vaughn, supra; Honeycutt v. Bank, 242 N.C. 734, 89 S.E.2d 598; Davis v. Bass, supra [188 N.C. 200, 124 S.E. 566]; Wallin v. Rice, 170 N.C. 417, 87 S.E. 239.
Neither of the deeds involved in this exchange contain such a finding by the examining officer. Hence, Dora Combs could not have, directly or indirectly, conveyed her interest in any portion of the 163-acre tract to her husband by the deeds under consideration. An estate by the entirety cannot be created by a void deed. Ingram v. Easley, supra; Deese v. Deese, 176 N.C. 527, 97 S.E. 475; Speas v. Woodhouse, 162 N.C. 66, 77 S.E. 1000; Sprinkle v. Spainhour, 149 N.C. 223, 62 S.E. 910. But the deeds suffice in every respect to effectuate the partition obviously intended by the parties because, in such case, no conveyance from wife to husband is involved and G.S. § 52-6 is not applicable.
Finally, oblique support for the view we have taken is found in the will of J. E. Combs. "It is my understanding," he said, "that the real estate now in my possession will descend to my son, J. Rodney Combs, after my death, the title to which was held by my former wife, Dora S. Combs." He therefore made no testamentary disposition of the 90.5-acre tract. This is some evidence that the parties never intended to create an new estate by the exchange of deeds but did intend to effectuate a partition by deed of the 163-acre tract.
In Sprinkle v. Spainhour, supra, the husband paid some of the owelty money for his wife to equalize the partition, and the court held "this would not create a resulting trust in his favor to that extent, because the law presumes he intended it as a benefit or gift to his wife, nothing else appearing." So it is with the 40 acres belonging to J. E. Combs. It was included in the deed to the Sullivans apparently as boot or in the nature of owelty to equalize the partition between his wife and Mary L. Sullivan. The law presumes it a gift to his wife. His will strengthens that presumption. Nothing else appears to the contrary.
For the reasons stated, we hold that petitioner owns no interest in the 90.5-acre tract of land described in her petition, and the proceeding was properly dismissed.
The judgment of the Court below is
Affirmed.