## CLINARD v. BRUMMELL.

(Filed May 20, 1902.)

1. PARTITION—*Commissioners—Report.*

The report of commissioners in partition proceedings, dividing land, when filed, approved, confirmed, recorded and registered, becomes muniment of title, and the commissioners, without the order and approval of the court, have no right to alter or change the same.

2. PARTITION—*Commissioners—Report.*

When commissioners to partition land make and file their report, their duties are ended, and they are *functi officio*, unless they act under a new order of the court.

ACTION by Alexander Clinard and others against Jane Brummell, heard by Judge *Thos. J. Shaw* and a jury, at February Term, 1902, of the Superior Court of DAVIDSON County. From a judgment for the defendant, the plaintiffs appealed.

*E. E. Raper,* for the plaintiffs.
*J. R. McCrary,* for the defendant.

FURCHES, C. J.    This is an action of ejectment for the following-described tract or parcel of land: "Beginning at a stone, The Widow's corner, thence S. 28 W., 14.75 chains to a stone in the lane, her corner; thence E. 16.50 chains to a white-oak, formerly Philip Ball's corner; thence N. 12.75 chains to a stone, formerly Milton Sledge's corner; thence W. 50 links to a white-oak, Riggan's corner; thence N. 88 W. 9.86 chains to the beginning corner, containing 15 9-10 acres, more or less." Defendant answered, denied that the plaintiffs were the owners of the land, and pleaded specially the statute of limitations. It was shown that this land belonged to Alexander Clinard, who died in 1845. In 1856 the lands

of the said Alexander Clinard were partitioned between his
heirs-at-law under an order of the Court of Pleas and Quar-
ter Sessions, reported to November Term, 1856, and con-
firmed.   The plaintiffs, for the purpose of making out their
title, introduced this report in evidence; and it shows that
this tract or parcel of land sued for was allotted and assigned
to the plaintiff Philip Clinard as lot No. 5, and lot No. 7,
which is a different tract and boundary, was allotted and as-
signed to Franklin Eberhardt.

There appears to be an affidavit filed in February, 1857,
alleging that No. 5 should have been assigned to Franklin
Eberhardt, and No. 7 to the plaintiff Philip Clinard, asking
for a rehearing.   And on the back of this affidavit is the fol-
lowing entry:   "Affidavit for rehearing of report of division
of lands, Alexander Clinard's heirs."   On the same sheet of
paper appears the following entry:   "We, the undersigned
commissioners, make the following amendment to this report:
That lot No. 5 be assigned to Franklin Eberhardt, and that lot
No. 7 be assigned to Philip Clinard, all of which is respect-
fully submitted under our hands and seals, this 12th day of
February, 1857.   (Signed B. F. Stone, Seal.   John Delap,
Seal.   Chas. Hoover, Seal."   The original report was signed
by Chas. Hoover, Seal.   Richard Jiams, Seal.   B. F. Stone,
Seal.   John Delap, Seal.

The report as originally made was properly recorded and
registered, as originally made, and there is nothing to show
that what is claimed as the amended report was ever acted
upon by the Court, or recorded or registered.

The plaintiff's theory is that Franklin Eberhardt only took
a life estate as tenant by the curtesy, and plaintiff had no
right of action until the death of Franklin Eberhardt in 1890,
and no statute of limitations or presumption of title ran
against them until that time.

This is so, if Franklin Eberhardt acquired title to it as

tenant by the curtesy.    But to do this, the plaintiff must show that it was his wife's land.    This they have failed to do, unless they have shown it by what they termed the amended report, as the original report gives the land sued for to Philip Clinard.    We do not think the amended report, as it is called, can be sustained.    The affidavit asking for the amendment certainly did not have the effect to change the report already made and confirmed; nor do we think the fact that three of the commissioners got together and undertook to make the amendment—to change the report without the order and approval of the Court—can have the effect to amend or alter the report that had been made, filed, affirmed, recorded and registered.    When the commissioners made their report and filed the same, their duties were ended and they were *functi officio,* unless they acted under a new order of the Court.    And the original report, when made, approved, confirmed, recorded and registered, became a muniment of title, and the commissioners, without the order and approval of the Court, had no more right to alter or change it than they would have had to change a deed without authority to do so.    And if Franklin Eberhardt had no *estate* in this tract of land, there was nothing to prevent the statute from running; and as it is admitted that the defendant and those under whom he claims have held possession of the same under color of title for thirty years or more, his title has ripened into a perfect title, and the plaintiff can not recover.

The judgment of the Court below is
Affirmed.