MR. CHIEF JUSTICE SCOTT and MR. JUSTICE TELLER not participating.

---

## No. 10,014.

## SCOTT *v.* BROWN.

Decided March 6, 1922. No change in opinion on rehearing May 1, 1922.

Proceeding for the registration of land under the Torrens Act. Decree for petitioner.

### *Reversed.*

1, REAL PROPERTY—*Contract Construed.* Contract between parties claiming an interest in land, in which "each consents with the other to be equal owners of said land", construed to be a conveyance each to the other of one half of his or her interest, and based on a good consideration.

2.      *Conveyance.* No particular form of words or formality is necessary to pass the title to real estate.

*Error to the District Court of Yuma County, Hon. L. C. Stephenson, Judge.*

Messrs. MUNSON & MUNSON, for plaintiff in error.

Mr. JOHN F. MAIL, for defendant in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

IN June, 1920, Clara E. Brown instituted proceedings under the Torrens Act in the district court of Yuma county for the registration of title to certain land. Scott answered among other things setting up the following contract:

                    "Idalia, Colorado, July 22, 1910.

This contract or agreement entered into by and between Clara E. Brown and Lincoln R. Scott is as follows:

Clara E. Brown holds a treasurer's deed to the N. W. ¼ of Sec. 22, Tp. No. 1 South of Range 45 West and Lincoln R. Scott is the owner of the original deed of trust executed by Russell W. Hartman on same tract of land and it is agreed that said Scott shall perfect the title to said land— either acquire the Hartman title or take case into Court and pay all expense to perfect the title and until Court Decree quieting title is obtained Miss Brown shall have all the crops raised on said land, keep up repairs of fence if any are needed and pay the taxes for any year on which she gets the entire crop.

That when title is perfected and from this date each consents with the other to be equal owners of said land and when land is sold the proceeds of sale of land shall be equally divided between Miss Brown the said Scott and no sale to be made without the approval of each party to this contract and all crops or rents after title is perfected to be equally divided till sale of land is made but all crops till

title is perfected or Court Decree is obtained belong wholly to Clara E. Brown.

(Signed)    Clara E. Brown,    (Seal)<br>
Lincoln R. Scott.    (Seal)"

The district court ordered the title registered in the petitioner, free from all claims of Scott. It should have been registered in her and Scott as tenants in common. The contract is not a mere contract to convey, it is, in effect, a conveyance each to the other of one-half his or her interest. No other interpretation can be given to the words "That when title is perfected·and *from this date* each consents with the other to be *equal owners* of said land."

This is seen by supposing a deed between these parties with all formalities—the twelve parts of the deed of conveyance—whereby each, in consideration of the act of the other, grants, bargains, sells and conveys to the other the undivided one-half of his or her interest, whatsoever that may be. The net result of such a formal deed would be exactly what is expressed in the above quoted clause, "each consents with the other to be equal owners of said land." Nothing essential to a conveyance is lacking. No particular form of words or formality is necessary to pass the title to real estate. *Horton v. Murden,* 117 Ga. 72, 43 S. E. 786; *Hunt v. Johnson,* 44 N. Y. 27, 4 Am. Rep. 631; 18 C. J. 178-9. The intent manifested by the instrument controls. *Nicholson v. Dillabaugh,* 21 U. C., Q. B., 591, 594.

And when parties, having each some sort of claim to real estate, mutually agree that from thenceforth they shall be equal owners thereof it is hardly necessary to say that there is a good consideration from each to the other. Each has, to his own disadvantage, surrendered something and has done something that he was not bound to do, which, however, small, was accepted as a consideration by the other. *Kunkle v. Soule,* 68 Colo. 524, 190 Pac. 536, *Westesen v. Olathe State Bank,* 71 Colo. 102.

It is urged that there is no mutuality in this contract and that therefore specific performance cannot be granted; but there is no question of specific performance, and there-

fore no question of mutuality, because the contract amounts to a conveyance. Nevertheless, if it did not, there is mutuality here, because either of the parties could compel the other to perform his or her part of the agreement. We are not called upon to say what Scott's liability would be if he could not clear the title or failed to do so because his trust-deed was released, because, under this contract, he had a right to use Miss Brown's tax title for that purpose, and that, it seems from the result of this suit, was sufficient.

There is more plausibility in the point made by defendant in error that Scott has lost his rights by delay; but this point has no force, even if otherwise sound, if we are right in our construction of the contract.

It seems that the petitioner has mortgaged her interest. It does not appear whether the mortgagee is innocent of Scott's rights. As between Scott and the petitioner her interest only should be subject to this mortgage. The mortgagee should be protected as equity may require and the court should consider what in equity Scott should pay of the expense of this suit which perfects the title he is bound to perfect.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

MR. JUSTICE BURKE dissents.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE TELLER not participating.