CARTER R. POPE v. J. E. BURGESS.

(Filed 4 May, 1949.)

**1. Deeds § 1c—**

> While the courts will go far to sustain informal and non-technical instruments purporting to convey interests in real estate, and while technical words of conveyance are not necessary, it is required that words of conveyance, in common parlance at least, be employed.

**2. Same: Tenants in Common § 3—**

> While G.S. 41-2 may not preclude tenants in common from providing for survivorship by adequate contract *inter sese,* an instrument executed by them which merely expresses a general intent that the survivor should take the fee, without any words of conveyance, is ineffective. The execution by the administrator of the deceased tenant in common of a deed to the surviving tenant, made under the supposed authority of the contract, is without effect.

DEFENDANT's appeal from *Bone, J.,* November Term, 1948, NASH Superior Court.

The plaintiff and the defendant entered into a contract for the purchase and sale of certain lands described in the complaint. The plaintiff allegedly owner in fee thereof, tendered deed and the defendant purchaser declined to accept it and pay for the land as agreed, for that plaintiff could not convey a good title. The plaintiff sued.

The plaintiff claims title under the muniments set out below, and under the following circumstances:

On and prior to December 28, 1934, the plaintiff, Carter R. Pope, and his brother, William R. Pope, cotenants and owners in fee of the lands described, each of them unmarried and having no children or descendants of deceased children, entered into an agreement on that date, which was duly acknowledged and recorded in Nash County Registry, in words and figures following:

"NORTH CAROLINA
NASH COUNTY

"This Contract, made this December 28, 1934, by and between

William R. Pope and Carter R. Pope, Witnesseth:

"That whereas, the parties hereto are the owners as tenants in common of two hundred forty (240) acres of land, more or less, including the store house and building, the tenant houses and all outhouses, and improvements of every kind and sort, located in Nash County, North Carolina, described or referred to in the last Will and Testament of Thomas S. Pope, deceased, and also in the deed executed by Thomas S. Pope and Allean Pope to T. T. Thorne, Trustee, recorded in Book 347, at page 259, in the office of the Register of Deeds of Nash County, and in addition thereto, are the owners as tenants in common of two (2) acres of land situate in or near the Town of Battleboro, and being the same land conveyed by J. R. Whitehead and wife, Mayme Whitehead, to William R. Pope and Carter R. Pope; and whereas, the parties hereto have agreed to and with each other that it is the desire and purpose that on the death of either one of said parties, that is William R. Pope and Carter R. Pope, that the survivor, or one living, shall become the absolute owner in fee simple of all and every part of the interest of the party hereto deceased in the foregoing described lands, and it is further agreed that the executor, or administrator of the party hereto so deceased, as aforesaid, shall make, execute and deliver unto the survivor a deed in fee simple for such estate, right, title and interest as the person so deceased may have or own at the time of his death in and to the foregoing described or referred to lands, so that the survivor shall become the absolute owner in fee simple of the estate and interest of the deceased party in as full and ample a manner as if the conveyance should have been made of said lands to the said survivor. It is the purpose and intent of this conveyance that the parties hereto, who are tenants in common of said lands, desire and intend that on the death of one of the parties hereto that all the estate, right, title, and interest that he has in and to the aforesaid lands shall become vested in the survivor as the owner in fee simple thereof, just as if said survivor, whether it be William R. Pope or Carter R. Pope, had been the owner of said lands in fee simple absolute in the first place.

"The consideration for this contract is Ten Dollars ($10.00) paid by each of the contracting parties hereto to the other contracting party, and for other good and valuable considerations passing from and to the parties to this contract.

"This instrument is executed in duplicate originals on this 28th day of December 1934, original copies hereof delivered to William R. Pope and to Carter R. Pope.

"Witness our hands and seals, the day and year first above written.

(s)  WILLIAM R. POPE    (Seal)
(s)  CARTER R. POPE     (Seal)"

William died intestate March 15, 1946, without wife or child or descendants of deceased children, leaving his brother, the plaintiff, surviving. Subsequently Thomas A. Burgess, administrator of the deceased William R. Pope, executed to Carter Pope a fee simple deed purporting to convey the premises; and this was duly acknowledged and recorded.

The answering defendant admitted all the allegations of the complaint and expressed a willingness to accept the plaintiff's conveyance and pay for the land, provided his title was approved by the Court.

No facts as to possession of the property under color of the administrator's deed appear in the record, and in fact no evidence was presented outside the pertinent documents.

The trial judge was of the opinion that plaintiff's title was good and entered judgment accordingly, requiring compliance with the contract of purchase and sale.

Defendant excepted and appealed.

*L. L. Davenport and T. A. Burgess for plaintiff, appellee.*
*J. W. Grissom for defendant, appellant.*

SEAWELL, J.  Conceding that survivorship may be annexed to a tenancy in common by adequate contract *inter sese* of the co-owners, and that the Act of 1784, now G.S. 41-2, abolishing survivorship incident upon joint tenancy by operation of law, does not bar or affect such action, we are then brought to the question whether the exhibited contract between the parties is adequate to accomplish that result.

We may eliminate from consideration the deed of the administrator, made under the supposed authority of the contract, as neither aiding nor vitiating its effect, and treat it as mere separable surplusage. But, to become effective, there must be something left in the deed sufficient to presently convey or release the respective interests of the brothers as co-owners upon which the survivorship is predicated.

Our courts have gone very far to sustain informal and non-technical instruments purporting to convey interests in real estate, either present, future, or contingent. But our research does not disclose any instrument where a simple expression of the intention to do so will supply the absence of words implying conveyance. It is true that technical operating words of conveyance are not necessary, but ordinary words, or words in common parlance or language of a similar import must be used. *Waller v. Brown,* 197 N.C. 508, 149 S.E. 687; *Armfield v. Walker,* 27 N.C. 580; *Cobb v.*

*Hines,* 44 N.C. 343; *Scott v. Brown,* 206 P. 572, 71 Colo. 275; *King v. Coffey,* 131 So. 796, 22 Ala. 245. The language used in the instrument under review, while sufficiently pointed as to the description of the property, and while the instrument itself is referred to as a conveyance, does no more than to state the intention of the parties respectively that the survivor should have the property described without using any words or language which might, under the most liberal construction by the Court, be regarded as transferring a present interest. In fact the expression of intent is general, rather than specific, as to an ultimate result rather than the present means. Such operative words as are found are used in connection with the execution of the administrator's deed, implying, we think, that the brothers had no conception of the necessity of executing the intent *in praesenti,* but that it might be carried out by the administrator or executor, or either, after the death of the contracting party.

For these reasons the judgment of the court below finding a clear and unencumbered title in the plaintiff must be

Reversed.