JOHN N. SOUTHERLAND AND WIFE, CUZZIE POTTS SOUTHERLAND, AND WILLIE SOUTHERLAND JONES, v. W. H. POTTS.

(Filed 10 October, 1951.)

**Partition § 4f—**

Grantor conveyed the land in question to his daughter and her husband for life and to her heirs "during the term of the natural life of her heir or heirs." Grantor died intestate, and in later partition proceedings the identical land conveyed to the daughter for life was allotted to her as her entire share. *Held:* The judgment in the partition proceedings, though

not passing title, vested in severalty the title to each of the tracts to the respective tenants and operates as an estoppel as to any reversion, and upon the death of the daughter and her husband intestate without having disposed of any interest in the land, their children take the property in fee simple.

APPEAL by defendant from *Williams, J.,* April Term, 1951, of WAYNE.

This is a controversy without action upon an agreed statement of facts, the pertinent parts of which are set out in the numbered paragraphs below:

1. The plaintiffs were under contract to sell and convey to the defendant 68 acres of land for a cash consideration of $8,000, on or before 1 February, 1951. A deed, duly executed by the plaintiffs, sufficient in form to convey to the defendant the aforesaid tract of land, was tendered to the defendant in apt time.

2. The defendant declined to accept the deed and to pay the agreed purchase price therefor on the ground that the grantors therein did not own an estate in fee simple in said lands.

3. The controversy between the parties to this action arises out of a difference of opinion as to the legal effect of a deed executed by John Kornegay (owner of the land now in controversy) and his wife, Harriet Kornegay, to Bryant Southerland and his wife, Martha C. Southerland, who was a daughter of the grantors in said deed. The deed was dated 28 July, 1883 and duly recorded in the Office of the Register of Deeds in Wayne County, North Carolina, in Book 51, at page 534. This deed purports to convey the land involved herein, in consideration of natural love and affection, to Bryant Southerland and his wife, Martha C. Southerland "during the term of their natural lives and also to the heirs of the body of the said Martha C. Southerland during the term of the natural life of her heir or heirs."

4. John Kornegay died intestate leaving six other children besides his daughter, Martha C. Southerland.

5. In 1888, a proceeding was brought in the Superior Court of Wayne County, North Carolina, for a division of the lands of John Kornegay, deceased, and all the heirs at law of John Kornegay were parties to the proceeding. In the division, Martha C. Southerland was allotted, as her share in her father's estate, the identical tract of land theretofore conveyed to her, for life by her father, by deed dated 28 July, 1883. She was allotted no other acreage in the lands belonging to the estate of her father.

6. Martha C. Southerland and her husband, Bryant Southerland, died intestate, leaving two children, John N. Southerland and Willie Southerland Jones, two of the grantors in the deed tendered by the plaintiffs to the defendant, as their only heirs at law.

The court below held the deed tendered by the plaintiffs is sufficient to convey to the defendant a good and indefeasible title in fee simple, to the lands described therein, and directed the defendant to pay the agreed purchase price and to accept the tendered deed. Defendant appeals and assigns error.

*Edwin C. Ipock for defendant, appellant.*
*Dees & Dees for plaintiffs, appellees.*

DENNY, J. We deem it unnecessary to discuss the legal effect of the deed from John Kornegay to Bryant Southerland and his wife, Martha C. Southerland, since regardless of its provisions, Martha C. Southerland became vested with a fee simple title thereto, subject only, in any event, to the life estates conveyed in the above deed, by virtue of the allotment to her of the identical lands described in the deed in the division of her father's estate.

The defendant contends, however, that the commissioners in the special proceeding to divide the lands of John Kornegay, deceased, did not allot the reversionary interest of John Kornegay in the land described in his deed dated 28 July, 1883, to his daughter, Martha C. Southerland and her husband, Bryant Southerland. This contention is without merit. The decree confirming the allotment made by the commissioners directed that the report be registered, and further decreed that the report and the judgment entered pursuant thereto "shall vest and convey the title to the several parties in their respective shares accordingly by the metes and bounds set out in said report as effectively as if several conveyances were made by the parties to each other in severalty." Such a judgment is binding on all parties to the proceeding and those in privity with them. 40 Am. Jur., Partition, Section 131, page 110, *et seq.; Carter v. White,* 134 N.C. 466, 46 S.E. 983; *Buchanan v. Harrington,* 152 N.C. 333, 67 S.E. 747; *Pinnell v. Burroughs,* 168 N.C. 315, 84 S.E. 364; *Bank v. Leverette,* 187 N.C. 743, 123 S.E. 68; *Gibbs v. Higgins,* 215 N.C. 201, 1 S.E. 2d 554.

A proceeding for partition dissolves the unity of possession, and while it does not pass title, it vests in severalty the title to each of the tracts or parcels of land allotted to the respective tenants and operates "as an estoppel upon the parties to the proceeding and those in privity with them." *Bank v. Leverette, supra.*

Moreover, it must be conceded that upon the death of John Kornegay, intestate, a one-seventh undivided interest in his lands passed to his daughter, Martha C. Southerland, under our canons of descent, G.S. 29-1. She accepted the allotment of the lands previously conveyed to her and her husband for life, and to her bodily heirs for life, as her share of her

father's estate.  Consequently, when she and her husband died intestate, not having disposed of any interest in said lands, her bodily heirs, to wit: her children, John N. Southerland and Willie Southerland Jones, took a fee simple title to the premises.

The judgment of the court below is

Affirmed.