BETTIE WEAVER McLAMB and Husband, OSCAR ROBERT McLAMB, JR.,
v. NORA HUDSON SCOTT WEAVER; BERTHA WEAVER CATES and
Husband, BILLY WRAY CATES, and HICKS WALKER.

(Filed 19 September, 1956.)

**1. Partition § 4f—**

The allotment of the respective shares to tenants in common by commissioners in partition proceedings creates no new estate and conveys no title, the sole effect thereof being to sever the unity of possession and to fix the physical boundaries of the tracts. Therefore, no title vests in the commissioners, and after confirmation of their report they have no further authority and purported deeds executed by them to the several tenants convey nothing. G.S. 46-10; 46-17.

**2. Deeds § 1c—**

While the grantor in a deed need not use technical operative words of conveyance, he must use words that, upon liberal construction, are sufficient to operate presently as a transfer of the grantor's interest to the grantee, and the mere expression of an intention is insufficient to constitute a conveyance.

**3. Same: Husband and Wife § 14: Partition § 4f—**

Where commissioners in partition proceedings, after report and confirmation, execute purported deed to a tenant in common and her husband, for her respective share, and the tenant in common also signs the deed, upon recitals immediately before and after the *habendum* to the effect that she wished her interest in the property conveyed to herself and her husband as tenants by entirety, the deed does not create an estate by entirety, since the commissioners' conveyance is a nullity, and the deed contains no operative words of conveyance in behalf of the wife, the wife not being named a grantor therein.

McLAMB v. WEAVER.

JOHNSON, J., not sitting.

DEVIN and RODMAN, JJ., took no part in the consideration or decision of this case.

APPEAL by defendants from *Mallard, Judge,* January Term, 1956, of DURHAM.

Civil action to recover possession of tract No. 3 and tract No. 10, containing 8.6 acres and 17.2 acres, respectively, as shown on recorded map of the William A. Hardcastle estate, and damages on account of defendants' alleged unlawful possession thereof.

Upon waiver of jury trial, the hearing below was on stipulated facts and on evidence offered by the respective parties. The essential facts are not in dispute.

William A. Hardcastle, sometimes known as William A. Castle, the owner of a tract of land in Durham Township containing 160 acres, died intestate; and thereafter, to wit, on 19 September, 1925, there was instituted in the Superior Court of Durham County a special proceeding for the actual partition of said 160 acre tract among the heirs at law of said intestate. Bertha Weaver, a daughter, inherited an undivided one-sixth interest. She and Charlie Weaver, her husband, and others, were parties defendant in said special proceeding. No issues or questions of fact were raised by the answers to the petition. Pursuant to order of appointment, notice, oath, etc., the commissioners filed their report 19 December, 1925, in which they allotted in severalty *to Bertha Weaver* said tracts Nos. 3 and 10. In addition, to compensate for the inferior value of tract No. 3, the commissioners charged tracts Nos. 1 and 2, allotted to others, with the payment of $72.00 and $63.00, respectively, to Bertha Weaver. No exceptions having been filed, the report of commissioners was confirmed by the clerk on 30 January, 1926. Thereafter, on 18 February, 1926, the clerk's decree was approved by the presiding judge.

The matter in controversy is the legal effect to be given a purported deed, recorded in the Durham County Registry, which, in pertinent part, is as follows:

"That, whereas, . . . (recitals by undersigned commissioners as to their appointment, the specific allotments made to each tenant in common, including the allotment *to Bertha Weaver* of tracts Nos. 3 and 10, the filing of their report, the confirmation thereof on 19 February, 1926, by the clerk, and the payment to Bertha Weaver of the owelty charges assessed in her favor.)

"Now, THEREFORE, this indenture, witnesseth:

"That, We, H. C. Royster, J. T. Mayton and D. T. Gooch, commissioners as aforesaid, for and in consideration of the premises and the further sum of One ($1.00) Dollar to us in hand paid, the receipt of

which is hereby acknowledged, have given, granted, bargained and sold, and by these presents do give, grant, bargain, sell and convey unto the said Charlie Weaver and wife, Bertha Weaver, that lot or parcel of land situated in Durham Township, Durham County, state aforesaid, bounded and described as follows:

"Lot No. 3, containing 8.6 acres and lot No. 10 containing 17.2 acres, as shown by plat of the William A. Hardcastle estate attached to the report of the commissioners, exact duplicate of said plat being filed in the office of the Register of Deeds for Durham County, Book 1, page 85, reference to which is hereby made for a full and more complete description of said tracts of land.

"And whereas, the said Bertha Weaver has requested, and joins in this deed for the purpose of requesting that this deed be not made to her but to her and her husband, Charlie Weaver, as tenants of the entirety.

"To Have and to Hold said land with all appurtenances and privileges thereunto belonging unto them, the said Charlie Weaver and wife, Bertha Weaver, and their heirs and assigns forever.

"And the said Bertha Weaver joins in this conveyance for the purpose of requesting the commissioners to allot her interest in the above described property to herself and her husband, Charlie Weaver, as tenants by the entirety.

"In Testimony Whereof, we, the said commissioners as aforesaid, have hereunto set our hands and affixed our seals this the 20 day of February, 1926.

His
"/s/  J. T.  ✕  Mayton
Mark            Commissioner   (Seal)
"/s/  D. T. Gooch
               Commissioner   (Seal)
"/s/  H. C. Royster
               Commissioner   (Seal)
"/s/  Bertha Weaver

"North Carolina,
 Durham County.

"The execution of the foregoing deed was this day acknowledged before me by H. C. Royster, J. T. Mayton and D. T. Gooch, the grantors, for the purposes therein expressed and the certificate of G. C. Glymph, Notary Public, Durham County, is adjudged to be correct. Let the same with this certificate, be registered.

"Witness my hand and notarial seal, this 20 day of Feby., 1926.

"/s/  Jas. R. Stone, Deputy CSC

"My com. exps.

"North Carolina, Durham County.

"I, G. C. Glymph, a Notary Public, do hereby certify that Bertha Weaver, the wife of Charlie Weaver, personally appeared before me this day and acknowledged the due execution of the foregoing deed; and being by me privately examined, it appearing to my satisfaction that the wife freely executed this contract and freely consented thereto at the time of her separate examination, and I find as a fact that the same is not unreasonable or injurious to her.

"Witness my hand and notarial seal, this the 3rd day of Feby., 1926.

"/s/  G. C. Glymph

"My com. exps. Nov. 30th, 1926."                    Notary Public.

Bertha Weaver died intestate in June, 1932. The *feme* plaintiff, the child of Bertha Weaver and her husband, Charlie Weaver, is the only child and sole heir of Bertha Weaver.

In December, 1932, Charlie Weaver married defendant Nora Hudson Scott Weaver; and of this marriage one child was born, to wit, defendant Bertha Weaver Cates. Charlie Weaver died 16 January, 1952, intestate, survived by his widow and his said two children.

Defendants, relying upon said purported deed, assert that Charlie Weaver, upon the death of Bertha Weaver, his first wife, became the sole owner of the lands in dispute; and that the *feme* plaintiff and defendant Bertha Weaver Cates, as children and heirs of Charlie Weaver, now own said lands as tenants in common, subject to the dower interest of defendant Nora Hudson Scott Weaver.

Plaintiff asserts that she is the sole owner of said lands as the only child and sole heir of her mother, Bertha Weaver; and that the possession by her father, Charlie Weaver, subsequent to her mother's death, was as tenant by the curtesy. (G.S. 52-16.)

Defendant Walker, in possession as tenant when the action was commenced, has no present interest in the controversy.

The court below entered judgment that the *feme* plaintiff is the sole owner of the lands in dispute; that she recover the rents therefrom collected by defendants and deposited with the clerk *pendente lite* in accordance with stipulation; and that defendants pay the costs.

Defendants excepted and appealed, assigning as error the conclusions of law upon which the judgment is based.

*Spears & Spears, Wallace Ashley, Jr., and C. S. Hammond for plaintiffs, appellees.*

*Bryant, Lipton, Strayhorn & Bryant for defendants, appellants.*

Bobbitt, J.  Decision turns on the answer to this question: Did the purported deed divest Bertha Weaver of sole ownership of tracts Nos.

3 and 10 and vest title thereto in Charlie Weaver and wife, Bertha Weaver, as tenants by the entirety? The court below answered "no" and we are in accord.

The Clerk's decree of 30 January, 1926, confirmed the allotment by the commissioners to Bertha Weaver of tracts Nos. 3 and 10. The partition proceeding created no new estate and conveyed no title. The sole effect thereof was to sever the unity of possession and to fix the physical boundaries of the several parts of the common property to be held in severalty by the respective tenants. *Southerland v. Potts,* 234 N.C. 268, 67 S.E. 2d 51; 68 C.J.S., Partition sec. 151(f); 40 Am. Jur., Partition sec. 126. See also, *Elledge v. Welch,* 238 N.C. 61, 76 S.E. 2d 340, and *Sutton v. Sutton,* 236 N.C. 495, 73 S.E. 2d 157. Title vested in Bertha Weaver as a child and heir at law of her father, not by virtue of the partition proceeding.

No title vested in the commissioners. Their duty was to make actual partition among the tenants in common and to make a full report thereof. G.S. 46-10, G.S. 46-17. After performing this duty, they had no other function or authority. *Clinard v. Brummell,* 130 N.C. 547, 41 S.E. 675. They had no authority "to sell and convey" any portion of the William A. Hardcastle land, nor was there any court order purporting to authorize them to do so. Hence, their purported deed conveyed nothing to "Charlie Weaver and wife, Bertha Weaver."

It is noted that Bertha Weaver is not named as grantor in the purported deed. The commissioners, as grantors, undertake to make the conveyance. They acknowledge receipt of the recited consideration. Bertha Weaver signed the deed for the purpose(s) expressed in two separate paragraphs thereof. In the paragraph immediately following the *habendum* clause, she requested that the commissioners "allot her interest in the above described property to herself and her husband, Charlie Weaver, as tenants by the entirety." But the commissioners had already allotted tracts Nos. 3 and 10 to her, individually, and such allotment had been confirmed. Moreover, the authority of the commissioners was to partition the land among *the tenants in common.* G.S. 46-10. In the paragraph immediately preceding the *habendum* clause, she requested that "this deed be not made to her but to her and her husband, Charlie Weaver, as tenants of the entirety." Although the commissioners attempted to comply with such request, their attempted conveyance was a nullity.

True, technical operative words of conveyance are not required. *Waller v. Brown,* 197 N.C. 508, 149 S.E. 687. Even so, the words used in the purported conveyance must be such that, upon liberal construction thereof, they suffice to operate presently as a transfer of the grantor's interest to the grantee. Apart from *any* operative words of con-

veyance, the mere expression of an intention is insufficient to constitute a conveyance. *Pope v. Burgess,* 230 N.C. 323, 53 S.E. 2d 159.

Upon the record, we are constrained to hold that Bertha Weaver did nothing more than express an intention that her share in her father's estate be held by herself and her husband as tenants by entirety; and that this expression of her intent was not sufficient to operate as a conveyance by her to her husband of any interest in her land.

For the reasons stated, the judgment of the court below is
Affirmed.

JOHNSON, J., not sitting.

DEVIN and RODMAN, JJ., took no part in the consideration or decision of this case.