J. W. EDWARDS, J. H. EDWARDS AND PLANTERS NATIONAL BANK & TRUST COMPANY, ROCKY MOUNT, N. C., GUARDIAN OF CADMUS EDWARDS, v. WILLIAM FREDERICK BATTS, WILLIAM E. PULLY, JR., YOUNG A. PULLY AND HIS WIFE, MARSHALL S. PULLY, WILLIAM E. PULLY, JR., AND YOUNG A. PULLY, EXECUTORS OF THE ESTATE OF WILLIAM E. PULLY, SR., AND W. M. SPEARS, TRUSTEE FOR THE CITY INDUSTRIAL BANK OF ROCKY MOUNT, ROCKY MOUNT, N. C., AND CITY INDUSTRIAL BANK OF ROCKY MOUNT, ROCKY MOUNT, N. C.

(Filed 27 March, 1957.)

**1. Pleadings § 15—**

A demurrer admits the relevant facts alleged but not the conclusions of law.

**2. Husband and Wife § 14—**

A deed to husband and wife, nothing else appearing, vests the title in them as tenants by the entirety, with right of survivorship.

**3. Partition § 1—**

Partition is the division of land between two or more co-owners, and deeds executed by the sole owner of a parcel of land for division thereof among her children does not effect a partition.

**4. Descent and Distribution § 13—**

The doctrine of advancements is relevant solely in determining the share of a child in the real or personal estate owned by the parent at the time of death, and is irrelevant in the construction of a gift *inter vivos*.

**5. Husband and Wife § 12c—**

The mother, for the purpose of dividing her lands between her four children, executed deeds conveying separate tracts to each respectively, and in the deed to her daughter made the conveyance to her daughter and the daughter's husband. *Held:* The daughter had no interest in the land prior to the conveyance or right to determine the disposition the parent should

make of it by deed or will, and therefore there was no conveyance of any interest in the land by the daughter to her husband, and G.S. 52-12 is not applicable.

**6. Deeds § 1a—**

The owner of land executed deeds to each of her four children for a separate parcel thereof for the purpose of making an equal division, but the deed to her daughter was made to her daughter and her daughter's husband. The deed of gift was recorded within the time prescribed by G.S. 47-26. *Held:* The owner had the right to convey the property as she pleased, and the deed of gift to her daughter and to her daughter's husband is valid and created an estate by the entirety in them.

**7. Deeds § 4—**

A deed of gift registered within the time prescribed by G.S. 47-26 is an executed contract and is valid, notwithstanding the absence of consideration.

APPEAL by plaintiffs from *Moore (Clifton L.), J.*, November Term, 1956, of EDGECOMBE.

The hearing below was on defendants' demurrers *ore tenus*, interposed on the ground that the amended complaint did not state facts sufficient to constitute a cause of action.

Summarized, the amended complaint alleges:

Prior to 14 February, 1941, Mrs. Lena P. Edwards, a widow, owned in fee simple certain lands in Edgecombe County. She had four children, J. W. Edwards, J. H. Edwards, Adelia Edwards Batts and Cadmus Edwards.

Mrs. Edwards decided: (1) "To partition her lands in the nature of a Family Division"; (2) "to divide her lands into four equal shares in value"; (3) to convey one of said shares to each of her said four children; (4) to reserve a life estate in the share, embracing the homeplace, to be conveyed to her son, Cadmus Edwards; and (5) to reserve to herself for her lifetime, for her support and maintenance, certain "charges or rents" on each of the shares to be conveyed to J. W. Edwards, J. H. Edwards and Adelia Edwards Batts, wife of William Frederick Batts.

"In pursuance of her plan of partition of her lands in the nature of a Family Division," she selected three disinterested persons who, with assistance of a competent surveyor, divided said lands into four parcels of equal value. Thereupon, she employed an attorney to draft deeds to effectuate her said plan. ". . . her desire, intention and purpose to convey said lands to her said four children was that each of her said children might have an equal share of her lands and enjoy the use of same prior to as well as after her death."

"9. That at said time, however, Adelia Edwards Batts and her husband, William Frederick Batts, or one of them, requested that the share

which the said Adelia Edwards Batts was to receive be made to them as husband and wife; that the said Mrs. Lena P. Edwards agreed to comply with said request, and she then instructed her attorney to draw the deed for the share of Adelia Edwards Batts in and to said land to Adelia Edwards Batts and William Frederick Batts, her husband."

The four deeds "for the partition of said lands" were then drafted. The execution thereof by Mrs. Lena P. Edwards, the grantor, was acknowledged 25 February, 1941, and all were duly recorded.

One parcel, the land now in controversy, by deed dated 14 February, 1941, was conveyed by Lena P. Edwards (widow) to Adelia Edwards Batts and husband, William Frederick Batts, their heirs and assigns. A copy of this deed, marked Exhibit A, is attached to and made a part of the amended complaint. A special provision thereof obligated "the parties of the second part" to pay to the "party of the first part" the sum of $125.00 on the first day of November, 1941, and on the first day of November of each and every year thereafter during the lifetime of the "party of the first part," and to pay 1941 taxes on the land conveyed.

"No monetary consideration, or anything of value," passed from any of the said grantees to Mrs. Edwards when the four deeds were made, or at any time prior thereto, "except the right of each of her children to his or her share in the division of said lands."

The "said conveyances to said grantees were advancements made by the said Mrs. Lena P. Edwards to her four children and represent a voluntary partition of her said lands," subject to said reservations.

Mrs. Edwards died 6 April, 1946, intestate, leaving said four children as her heirs at law. She left "no property of consequence." There was no administration of her estate. No inheritance tax was paid to the State of North Carolina.

Thereafter, to wit, 3 February, 1949, Adelia Edwards Batts died, intestate. There was no issue born alive of the marriage between Adelia Edwards Batts and William Frederick Batts, her husband. William Frederick Batts survived his said wife.

J. W. Edwards, J. H. Edwards and Cadmus Edwards, plaintiffs herein, are the heirs at law of Adelia Edwards Batts and as such own the real property described in Exhibit A. Plaintiff trust company is the general guardian of Cadmus Edwards and acts herein in his behalf.

The defendants are William Frederick Batts and persons who derive their title from him. Upon the death of Adelia Edwards Batts, William Frederick Batts continued in possession of the property in controversy until he executed and delivered a deed therefor in 1954. Since then other defendants have been in possession.

Plaintiffs pray that the "purported" deed, Exhibit A, "be declared inoperative as to the defendant, William Frederick Batts"; that the

subsequent purported conveyances by Batts and those who derive title from him be adjudged null and void, in so far as they attempt to convey the property now in controversy, and removed as clouds from plaintiffs' title; that, in the alternative, defendants be declared trustees for plaintiffs; that defendants' possession be adjudged unlawful and that a writ of possession issue in plaintiffs' behalf; and that defendants account to plaintiffs for the reasonable rental value for said property for 1949 and subsequent years.

At the conclusion of said hearing, the court sustained defendants' demurrers *ore tenus* to the amended complaint and dismissed the action at the cost of the plaintiffs. Plaintiffs excepted and appealed.

*William W. Jones and Philips & Philips for plaintiffs, appellants.*
*Thorp & Thorp for defendant William Frederick Batts, appellee.*
*Spruill & Spruill and John M. King for other defendants, appellees.*

BOBBITT, J. Decision must be based on the relevant facts alleged by plaintiffs. *Pressly v. Walker*, 238 N.C. 732, 78 S.E. 2d 920. Plaintiffs' conclusions of law are not admitted by the demurrers. *McKinney v. High Point*, 237 N.C. 66, 74 S.E. 2d 440.

A deed to husband and wife, nothing else appearing, vests the title in them as tenants by entirety. *Byrd v. Patterson*, 229 N.C. 156, 48 S.E. 2d 45, and cases cited. Upon the death of husband or wife, the survivor becomes the sole owner by virtue of the deed creating the tenancy by entirety. *Woolard v. Smith*, 244 N.C. 489, 493, 94 S.E. 2d 466, and cases cited.

Clear analysis requires that we keep in mind that plaintiffs' claim of ownership is based on their status as heirs at law of Adelia Edwards Batts, not as heirs at law of Mrs. Lena P. Edwards. Plaintiffs do not attack the deed made by Mrs. Lena P. Edwards nor do they seek to reform it. On the contrary, they base their claim of ownership on the deed. Their position is that the deed is effective as a conveyance to Adelia Edwards Batts, but not as to William Frederick Batts.

Plaintiffs' allegations that Mrs. Lena P. Edwards planned and effected a "partition" of her lands in the nature of "a Family Division" are erroneous conclusions of law. The facts alleged disclose that Mrs. Edwards was the sole owner and that the entire transaction was her voluntary act. She could divide her lands and convey all or separate parcels thereof as she saw fit.

Partition presupposes co-ownership by two or more persons. 40 Am. Jur., Partition sec. 2; 68 C.J.S., Partition sec. 1. Whether effected by partition proceeding or by an exchange of deeds, the sole purpose and effect is to sever the unity of possession and to fix the physical boundaries of the several parts of the common property to be held in severalty

by the respective tenants. Partition creates no new estate and conveys no title. *McLamb v. Weaver,* 244 N.C. 432, 436, 94 S.E. 2d 331, and cases cited. The principles underlying decision in such cases as *McLamb v. Weaver, supra, Wood v. Wilder,* 222 N.C. 622, 24 S.E. 2d 474, and *Sprinkle v. Spainhour,* 149 N.C. 223, 62 S.E. 910, have no application here.

Plaintiffs' allegation that the four deeds constituted "advancements" is irrelevant. This action does not relate to property owned by Mrs. Edwards at the time of her death. When she died, according to plaintiffs' allegation, she owned no property. Advancements affect the child's right to share by inheritance or by distribution in the real estate and personal property *owned by the parent* at the time of death. *Atkinson v. Bennett,* 242 N.C. 456, 88 S.E. 2d 76.

Ignoring the fact that, by the terms of said deed, both Adelia Edwards Batts and husband, William Frederick Batts, were obligated to pay the stipulated amount to Mrs. Lena P. Edwards each year during her lifetime, we consider plaintiffs' allegation that there was no consideration for the deed "except the right of each of her children to his or her share in the division of said lands." Plaintiffs contend that Adelia Edwards Batts, individually, was entitled to the deed; and that, in the absence of compliance with G.S. 52-12, the deed was void as to her husband, William Frederick Batts. The facts alleged disclose that this contention is without merit.

Prior to the execution and delivery of said deed, Adelia Edwards Batts owned no interest or estate in her mother's land, only the possibility of inheritance if perchance her mother died intestate and then owned the land. Mrs. Lena P. Edwards, as owner, could convey the land (or devise it) as she saw fit. She could have conveyed it to William Frederick Batts, individually, if she had wished to do so. A child has no legal right to determine the disposition a parent shall make, by deed or by will, of the parent's property.

Adelia Edwards Batts, individually, was not legally entitled to the deed. The relationship of parent and child, although a good and sufficient consideration to support an executed deed, did not entitle her to compel or direct a conveyance of her mother's lands. 12 Am. Jur., Contracts sec. 78; 17 C.J.S., Contracts sec. 91; *Exum v. Lynch,* 188 N.C. 392, 396, 125 S.E. 15. It was for Mrs. Edwards, the sole owner, to determine whether and to whom she would convey her property. She made her decisions of her own free will; and her decisions control, whatever the reasons she considered a sufficient basis therefor. There was no conveyance by Adelia Edwards Batts to her husband, William Frederick Batts, direct or indirect. Hence, G.S. 52-12 has no application.

Accepting plaintiffs' allegations, the said deed was a deed of gift from Mrs. Lena P. Edwards to Adelia Edwards Batts and husband, William Frederick Batts. A deed of gift, duly signed and delivered, is an executed contract. If recorded within the time prescribed by G.S. 47-26, it is valid, as between the parties and their heirs, without consideration, good or valuable. 16 Am. Jur., Deeds sec. 57; 26 C.J.S., Deeds sec. 16; *Howard v. Turner,* 125 N.C. 107, 34 S.E. 229; *Little v. Little,* 205 N.C. 1, 169 S.E. 799.

Examination of decisions cited by plaintiffs disclose that different factual situations, calling for the application of different principles of law, were involved.

Upon the facts alleged, Adelia Edwards Batts and husband, William Frederick Batts, by virtue of said deed, acquired title to the land in controversy, as tenants by entirety; and upon the death of Adelia Edwards Batts, intestate, William Frederick Batts, as surviving tenant, became sole owner thereof.

Affirmed.