HAZEL IJAMES AND HUSBAND, HOWARD IJAMES, UNDINE JACKSON AND HUSBAND, ELLIS JACKSON; HILDRETH HANEY AND HUSBAND, CLAY HANEY; C. WAYLAND SWAIM; DARRELL B. SWAIM AND WIFE, BERTHA SWAIM; AND HOMER LEE SWAIM, BY DARRELL B. SWAIM, ATTORNEY IN FACT, *v.* WILLIAM SHERMAN SWAIM AND WIFE, JANICE A. SWAIM.

(Filed 21 May, 1958.)

**1. Judgments § 3½—**

A consent judgment must be interpreted in the light of the matters in controversy in the proceeding and the purposes the parties thereto intended to accomplish by it.

**2. Partition § 4f—**

Prior to partition, one tenant in common conveyed his interest in fee to another tenant by deed without the joinder of his wife. In the partition by the commissioners and in the consent judgment entered after exception to the report, it appeared that the grantee tenant was allotted, in addition to his own share, the share of the grantor tenant, but that the share of the grantor tenant was identified solely to make certain which land would be subject to the dower of the wife of the grantor tenant if she survived him. *Held:* The mere identification in the commissioner's report and in the consent judgment of the share of the grantor tenant cannot have the effect of reinvesting the grantor tenant with any interest in the land.

APPEAL by plaintiffs from *Sharp, S. J.,* January, 1958 Civil Term, GUILFORD Superior Court (High Point Division).

In this civil action the plaintiffs allege in substance, (1) they are the owners and entitled to possession of lots Nos. 1 and 11 described in the proceeding for the partition of the A. B. Swaim lands; (2) the defendants are in the wrongful possession and have wrongfully received the rents and profits; (3) the defendants claim an interest in the lots which constitutes a cloud upon the plaintiffs' title. They ask that they be declared to be the owners and be placed in possession; that they have an accounting and have the cloud removed.

The defendants, by answer, assert that they are the owners in fee of the two lots; that they are rightfully in possession and have been in the exclusive possession for approximately thirty years.

The parties admit the following: A. B. Swaim died intestate in the year 1926, leaving him surviving Deby Swaim, his widow, and the following six children as his heirs at law: Mabel Weir, Cora Welch, Homer Swaim, Sherman Swaim, Marie Moore, and Cay Swaim Powell. The widow died prior to December, 1927.

On January 29, 1927, Homer L. Swaim, by warranty deed, conveyed a 1/6 undivided interest in the described lands to W. S. (Sherman) Swaim. The parties stipulated the deed conveyed the grantor's interest in the fee. On December 23, 1927, Mabel Weir and Cora Welch instituted a proceeding against Estelle Swaim, Homer Swaim, Sherman Swaim and wife, Marie Moore and husband, Cay Swaim Powell and husband, and Sherman Swaim, administrator of A. B. Swaim, for the partition of the A. B. Swaim lands. Homer Swaim was alleged to be a nonresident of the State of North Carolina. Process on him was served by publication.

The petition alleges: " . . . that each of said parties is seized in fee and possessed of 1/6 undivided interest in said lands, save and except the said Homer Swaim, who has conveyed his 1/6 undivided interest by deed to the said Sherman Swaim in which deed the said Estelle Swaim (wife of Homer) did not join and by virtue of the said deed the said Sherman Swaim is now the owner of 1/3 undivided interest in said premises."

The commissioners appointed for the purpose made partition of the lands. Tracts Nos. 6 and 7 were allotted to Sherman Swaim as his own 1/6 in value by inheritance. Tracts Nos. 5 and 11 were allotted to H. L. Swaim (Homer) and Sherman Swaim. These two tracts represented the 1/6 in value which Homer Swaim had inherited but which he had conveyed to Sherman by deed referred to in the plaintiffs' complaint and in the petition for partition, and in the order appointing the commissioners.

Exceptions were filed to the commissioners' report and thereafter a consent judgment was entered and signed by the clerk on August 14, 1929. In the consent judgment tracts Nos. 1 and 5 were exchanged one

for the other. Otherwise, the consent judgment left the allotment as made by the commissioners. Five of the six children of A. B. Swaim signed the consent judgment. Homer alone did not sign. The consent judgment contained the following: "It is, therefore, by and with the consent of the parties, ordered, adjudged and decreed by the court that (1) Tracts #1 and #11 be allotted to H. L. Swaim, a deed to which has heretofore been executed by H. L. Swaim to W. Sherman Swaim, without the joinder of his wife, Estelle Swaim, and which is more definitely and particularly described as follows:" (Here follows the description of Tracts Nos. 1 and 11).

Both H. L. (Homer) Swaim and his wife, Estelle Swaim, died prior to the institution of this action. The plaintiffs are the heirs at law of Homer Swaim. The parties stipulated the special proceeding for partition was regular and that each defendant was properly before the court.

The trial court entered judgment from which is here quoted that part pertinent to decision on this appeal:

"This Cause being regularly calendared for trial at this term of Court and coming on for hearing, counsel for both plaintiffs and defendants request the Court to rule upon the legal effect of the consent judgment dated August 14, 1929, in the special proceeding attached to both the complaint and the answer, entitled *Mabel Weir, et al. v. Estelle Swaim, et al.,* it being conceded by plaintiffs and defendants that if the consent judgment did not convey title to Tracts 1 and 11 of the A. B. Swaim Estate to H. L. Swaim in derogation of the deed dated January 29, 1927, from Homer L. Swaim to W. S. Swaim, which deed is recorded in Book 554, at page 165, in the Office of the Register of Deeds of Guilford County, N. C., that the defendants in this action are the owners of and entitled to the possession of the land described in the complaint in this action by virtue of the deed dated January 29, 1927, from Homer L. Swaim to W. S. Swaim, which deed is recorded in Book 554, at page 165, in the Office of the Register of Deeds of Guilford County, and is attached to the amended complaint as Exhibit A, and that the action should be dismissed. * * *

"After considering the pleadings and stipulations, the arguments of counsel, the Court is of the opinion, and so holds, that the consent judgment in the special proceeding entitled *Mabel Weir, et al., v. Estelle Swaim, et al.,* throughout recognized the validity of the aforesaid deed from Homer L. Swaim to W. S. Swaim; that the effect of said judgment was merely to segregate and identify the portion of the estate of A. B. Swaim to which Homer L. Swaim would have been entitled had he not conveyed away his interest to W. S. Swaim, and to identify the lands which might at some future date become

subject to the dower interest of Estelle or Stella Swaim, wife of Homer L. Swaim."

The court adjudged that the defendants are the owners in fee of the two lots; that the plaintiffs have no interest therein. From the judgment, the plaintiffs appealed.

*D. C. McRae, Haworth & Riggs, By: John Haworth, for plaintiffs, appellants.*

*York & York, By: C. A. York, Jr., for defendants, appellees.*

HIGGINS, J. For the purposes of this appeal, the parties agree the judgment below is correct unless the consent decree in the partition proceeding operates as a conveyance of Lots Nos. 1 and 11 to Homer L. Swaim. The decree must be interpreted in the light of the matters in controversy in the proceeding and the purposes the parties thereto intended to accomplish by it.

Prior to the institution of the partition proceeding the plaintiffs' ancestor, Homer L. Swaim, had sold and conveyed by deed all his interest in the A. B. Swaim estate to Sherman Swaim. The parties stipulate this deed conveyed the grantor's interest in fee. However, Homer's wife, Estelle Swaim, did not sign the deed. Hence her inchoate right of dower did not pass by the deed.

Two of the heirs of A. B. Swaim, Mrs. Weir and Mrs. Welch, instituted the partition proceeding for the purpose of having each tenant's share allotted according to his interest, 1/6 each to Mabel Weir, Cora Welch, Marie Moore, and Cay Swaim Powell; and 1/3 to Sherman Swaim. Sherman acquired 1/6 by inheritance and 1/6 by Homer's deed. In drafting the petition and the orders pursuant thereto, the parties and their counsel realized that Estelle Swaim, Homer's wife, not having signed his deed, would be entitled to dower in Homer's share should she survive him. The provisions in the petition, order for partition, the report of the commissioners were all so drawn as to separate and identify that part of the estate which Sherman acquired under Homer's deed in order that the land to which Estelle's dower might attach, in the event she survived Homer, would be identified and the other tracts be entirely free from her claim.

The commissioners made due report of their partition and allotment of shares. Exceptions were filed to the report. The parties thereupon entered the consent decree involved here. The decree served to change the report of the commissioners only to the extent that tract No. 1, allotted to Mrs. Moore, was re-allotted to H. L. Swaim and Sherman Swaim, and that tract No. 5, allotted to them, was re-allotted to Mrs. Moore. The 1/6 interest which Sherman inherited from the estate was allotted as tracts Nos. 6 and 7.

The sole purpose of the partition proceeding was to sever the unity of possession and fix the boundaries of the respective shares and allot to each his share in accordance with his interest in the whole. Homer Swaim had made a deed. His interest was gone. Nothing in the proceeding suggests an intent on his part to buy back into the estate or an intent on the part of any tenant in common to sell or give, or restore to him any interest therein. The whole proceeding manifests a clear intent to the contrary. *Edwards v. Batts*, 245 N.C. 693, 97 S.E. 2d 101; *Elledge v. Welch*, 238 N.C. 61, 76 S.E. 2d 340; *Duckett v. Lyda*, 223 N.C. 356, 26 S.E. 2d 918; *Martin v. Bundy*, 212 N.C. 437, 193 S.E. 831; *Valentine v. Granite Corp.*, 193 N.C. 578, 137 S.E. 668.

The course of conduct of all parties to the consent decree serves to confirm the defendants' contentions that Homer Swaim retained no part in his father's estate. The record fails to disclose any move by Homer Swaim or his heirs to assert any claim under the partition decree until the plaintiffs brought this suit on March 28, 1957, more than 27 years after the decree was entered, and almost 30 years from the date he sold and conveyed his interest.

The plaintiffs cite *Keen v. Parker*, 217 N.C. 378, 8 S.E. 2d 209, as authority for their contention the partition deed operates as a conveyance, notwithstanding no words of conveyance are used. Examination of that opinion will disclose that a number of questions arose in the proceeding: indebtedness, validity of deeds, etc. The parties settled their differences by mutual concession, arranging payments and cancellations of certain conveyances, and signed the judgment accordingly. On the other hand, in this case Homer was out of the state and out of the estate. He neither claimed nor conceded anything.

The decision of Judge Sharp is fully sustained by many decisions of this Court, among them: *Edwards v. Batts, supra; McLamb v. Weaver*, 244 N.C. 432, 94 S.E. 2d 331; *Elledge v. Welch, supra; Southerland v. Potts*, 234 N.C. 268, 67 S.E. 2d 51; *Wood v. Wilder*, 222 N.C. 622, 24 S.E. 2d 474.

For the reasons here assigned, the judgment is
Affirmed.